## PEOPLE v. HEISS

1. CRIMINAL LAW—APPEAL AND ERROR—SCOPE OF REVIEW—CLEAR INJUSTICE—TIMELY OBJECTION.

> An appellate court may examine the record in a criminal case in search of error which would demonstrate a clear injustice even though a timely objection has not been made.

2. CRIMINAL LAW—APPEAL AND ERROR—SCOPE OF REVIEW—CLEAR INJUSTICE—OTHER CRIMES.

> Appellate court examined the record in a criminal case to determine whether the admission of testimony concerning the defendant's other criminal acts was a clear injustice even though no timely objection to the testimony had been made.

3. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—ADMISSIBILITY.

> Evidence of other distinct criminal offenses committed by the defendant are generally not admissible in the defendant's trial; however evidence of other criminal acts is admissible where (1) the defendant's motive, intent, scheme, plan or system is in issue, or (2) the evidence is of prior offenses identical with the one charged and committed between the defendant and the person with whom he is alleged to have committed the act for which he is being tried and the evidence is used solely to demonstrate opportunity, disposition of the parties, and intimate relations tending to break down self-respect (MCLA § 768.27).

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 494.
[2] 29 Am Jur 2d, Evidence §§ 320, 321, 333.
[3, 5] 29 Am Jur 2d, Evidence §§ 322, 325, 326.
[4] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 38.
[6] 53 Am Jur, Trial §§ 56, 58–63, 67, 68.
[7] 21 Am Jur 2d, Criminal Law §§ 368, 369.

4. CRIMINAL LAW—GROSS INDECENCY—EVIDENCE—OTHER CRIMES—
ADMISSIBILITY—STATUTES.

> The defendant's motive, intent, plan, scheme or system is not
> pertinent in a prosecution for gross indecency; the statute
> permitting the admission of other similar criminal offenses by
> the defendant to show the defendant's motive, intent, or plan
> in committing the crime charged is not applicable to a pros-
> ecution for gross indecency (MCLA §§ 750.338; 768.27).

5. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—RESTRICTIONS ON USE
—INSTRUCTIONS TO JURY—DESIGNATION OF PURPOSE.

> Evidence of prior offenses identical with the one charged and
> committed between the defendant and the person with whom
> the defendant is alleged to have committed the act for which
> he is being tried is admissible to demonstrate opportunity,
> disposition of the parties, and intimate relations tending to
> break down self-respect; however, the prosecution must demon-
> strate for which of the purposes it is seeking to introduce
> the evidence and, once the evidence has been introduced, the
> trial court must give an instruction to the jury as to the
> limited use of the evidence; failure to meet these requirements
> constitutes error.

6. CRIMINAL LAW—CONSOLIDATION OF OTHER CHARGES—POLICE PLOT.

> Denial of the defendant's motion to consolidate his trial with
> the trial of other charges pending against him was not patently
> reversible error where the defendant wanted a consolidation to
> present evidence of a scheme or plot by the authorities to "get
> him"; however, on retrial, the court should allow the defendant
> to show the circumstances surrounding his arrest.

7. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHS—"MUG SHOT"—ADMIS-
SIBILITY.

> Admission of a "mug shot" of the defendant showing him with
> a beard which he did not have at the time of trial was prej-
> udicial where the photograph was not introduced for the pur-
> pose of identification and served no purpose.

Appeal from Berrien, Chester J. Byrns, J. Sub-
mitted Division 3 December 9, 1970, at Grand Rap-
ids. (Docket No. 7566.) Decided January 25, 1971.

Harry Heiss was convicted of committing an act
of gross indecency. Defendant appeals. Reversed
and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Patrick, Anderson, McDonald & Perry (A. G. Preston, Jr.,* of counsel), for defendant.

Before: Fitzgerald, P. J., and Quinn and Mc-Intyre,* JJ.

Per Curiam. Defendant Harry Heiss was arrested on May 29, 1968, and subsequently tried by a jury which convicted him of committing an act of gross indecency[1] with a 17-year-old boy.

At the time the offense was allegedly committed, defendant had been modernizing a large home near Lake Michigan, doing most of the work himself. In the course of this work, he was visited by several youths, including the complainant, some of whom helped in the construction efforts. Complainant had known defendant for about three years and visited his home "off and on" during this period.

Complainant was arrested in May of 1968 and detained in connection with a breaking and entering charge. While in jail on May 21, 1968, he signed a written statement accusing defendant of committing an act of gross indecency with him "two months ago". Defendant was arrested on a warrant charging the offense and establishing the date it was committed as April 6, 1968. On July 11, 1968, the charge was dropped when complainant testified at the preliminary examination that defendant had not committed the offense with which he was charged. Shortly thereafter, a second complaint was issued

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.338 (Stat Ann 1954 Rev § 28.570).

charging defendant with the same offense and establishing its occurrence on or about March 25, 1968. A preliminary examination was held in August of 1968 at which time complainant testified and defendant was bound over for trial.

Several issues are raised on this appeal. The most meritorious is whether the trial testimony of the complaining witness as to other criminal acts was prejudicial and should not have been admitted. The people contend that the testimony was introduced for the limited purpose of making the offense more easily understood and that the question is not properly before this Court in view of defendant's failure to object specifically during the trial.

Despite the absence of timely objection, this Court may still examine the record in search of error which would demonstrate a clear injustice. *People* v. *Hicks* (1966), 2 Mich App 461. The allegedly prejudicial remarks made by the complainant on direct examination which concern the commission of other similar acts appear in the following excerpt of the transcript:

"*Q.* Have you ever been present when Mr. Heiss had suggested to either—well, to any other boy that he engage in any act of intercourse, oral intercourse, with him?
"*A.* No.
"*Q.* Has Mr. Heiss ever told you that he has engaged in other acts of oral intercourse?
"*A.* Yes.
"*Q.* Can you recall any specific individuals that he says he has done this with?
"*A.* Well, he did say anybody that's had anything to do with him.
"*Q.* By that did you take it to mean he was talking about the other boys?
"*A.* Right."

\*   \*   \*

"*Q.* (*by Mr. Taylor*): Has there ever been another occasion where you have had an act of oral intercourse with this defendant?

"*A.* Yes.

"*Q.* How many occasions?

"*A.* Two more approximately.

"*Q.* Do you recall when those took place?

"*A.* About a month apart. I guess one was in April, the other in February.

"*Q.* Was this in the early part of 1968?

"*A.* '68, right."

The general rule on the admission of testimony concerning other criminal offenses is set forth in *People* v. *Askar* (1967), 8 Mich App 95, 100, which states:

"The general rule is well settled that in a criminal trial evidence of other, distinct offenses is not admissible even though they are of the same kind as the offense charged. *People* v. *Schweitzer* (1871), 23 Mich 301."

At first glance it would appear that the testimony was clearly in the realm of other distinct offenses and as such is not admissible. However, *Askar* set forth and elaborated upon the two recognized exceptions to this general rule. Of these two exceptions, one is statutory and the other has evolved from the case law. The statutory exception is found in MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050) which reads as follows:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be

proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

Therefore, it is evident from the above statute that such testimony is admissible in cases where the defendant's motive, intent, scheme, plan, or system is in issue. However, in prosecutions for gross indecency it has been held that the accused's motive, intent, plan, scheme, etc., is not pertinent; thus, the above statute is not applicable to the present case. *People* v. *Dean* (1931), 253 Mich 434; *People* v. *Riddle* (1948), 322 Mich 199.

*Askar,* citing *People* v. *Swift* (1912), 172 Mich 473, and *People* v. *Donald D. Williams* (1965), 2 Mich App 91, goes on to explain the second exception which "permits the introduction of evidence of prior offenses identical with the one charged, between the defendant and the person with whom he is alleged to have committed the act for which he is being tried".

In view of the possible prejudice which might result through the introduction of such evidence, the above exception must be strictly construed. It is qualified by further restricting its admission to demonstrate "opportunity, disposition of the parties, and intimate relations tending to break down self-respect". *People* v. *Williams, supra.* The prosecution must also demonstrate for which of the above purposes it is seeking to introduce the evidence. Once the evidence is introduced it is the duty of the trial court to instruct the jury as to the limited purpose for which it is admitted. Such limitations were not observed here. *People* v. *Askar, supra.*

The testimony was highly prejudicial and its effect upon the jury is incalculable, doubtless rendering it more probable in their minds that he committed the specific charge he is being tried for.

Another error urged on appeal is denial of a motion to consolidate for trial this case and other charges against defendant. At the time of the motion, the hearing judge, while denying the consolidation, opined that defendant's counsel would have wide latitude in the introduction of evidence of a scheme or plot by the authorities to "get" the defendant. The hearing judge was not the trial judge and while much evidence was introduced of alleged machinations to secure defendant's arrest, considerable other evidence was excluded. This, says defendant, destroyed his defense. An extensive review of the record indicates that while not destroyed, the defense was considerably diluted. While this cannot be said to be patently reversible, retrial should permit defendant to show more fully the circumstances surrounding his arrest.

One final feature of the record strikes us: the unnecessary admission of an irrelevant and prejudicial "mug shot" of defendant. Short of use for identification, which was not the case here, no purpose was served in admitting the photograph showing defendant with a beard which he did not have at trial time and the vestiges of the police department photographic techniques.

On the basis of the testimony and other matters discussed, we must conclude that a new trial is in order.

Reversed, remanded, and a new trial ordered.