PEOPLE v CHAMBERS #1

1. EVIDENCE—HEARSAY—BUSINESS RECORDS EXCEPTION—OPINIONS—
   DIAGNOSES—STATUTES.

   Opinions or diagnoses are not admissible in evidence under the
   business records exception to the hearsay rule, and thus a court
   in a criminal case properly excluded from evidence two signed
   psychological evaluations of the defendant, contained in a
   probate court file (MCLA 600.2146).

2. CRIMINAL LAW—APPEAL AND ERROR—WITNESSES—UNRESPONSIVE
   ANSWERS—PREJUDICE—OBJECTIONS—INSTRUCTIONS.

   A criminal conviction will not be reversed on appeal because a
   state witness gave an unresponsive answer to a question of
   defense counsel at trial revealing a defendant's prior incarcera-
   tion where the answer was not objected to by defense counsel
   and the prejudicial effect of the incompetent testimony could
   have been cured by an admonition of the trial court.

Appeal from Wayne, Horace W. Gilmore, J.
Submitted April 17, 1975, at Detroit. (Docket No.
19682.) Decided July 24, 1975.

Robert Chambers was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Robert A. Reuther,* Assistant Prosecuting Attor-
ney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 498.
   30 Am Jur 2d, Evidence §§ 927, 931, 933.
[2] 5 Am Jur 2d, Appeal and Error § 602.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: J. H. GILLIS, P. J., and QUINN and R. M. MAHER,[1] JJ.

PER CURIAM. Defendant was found guilty by a jury of armed robbery, MCLA 750.529; MSA 28.797, and sentenced to life imprisonment. He appeals, raising five issues for our consideration.

First, defendant, who raised the defense of insanity, claims that the trial court erred reversibly by refusing to admit into evidence two signed psychological evaluations of defendant, contained in a probate court file. He argues that these evaluations were admissible under the business records exception to the hearsay rule. MCLA 600.2146; MSA 27A.2146. Although *People v Kirtdoll,* 391 Mich 370, 390; 217 NW2d 37 (1974), held that "records admissible in evidence under the business entry statute [MCLA 600.2146; MSA 27A.2146] are admissible in criminal as well as civil cases", that case did nothing to change the law in Michigan as to what evidence can qualify under the statute. Opinions or diagnoses do not qualify. *Bond v Greenwood,* 34 Mich App 41; 190 NW2d 731 (1971). Therefore, without having to reach the question of whether *People v Kirtdoll, supra,* is retroactive, we find that the trial court, in this case, properly

---

[1] Defendant, in the present case, was represented at trial by the law offices of Plunkett, Cooney, Rutt and Peacock. Judge RICHARD M. MAHER's brother is associated with that firm and, in fact, represented defendant at the preliminary examination. This Court was not aware of trial counsel's identity until after oral arguments were heard, as defendant is represented on appeal by the State Appellate Defender Office. It is obviously too late to substitute for Judge MAHER on this panel. However, in order to avoid any appearance of impropriety, Judge MAHER did not participate in the decision of this case. *See* ABA Canons of Judicial Ethics, Canon 13.

excluded the psychological evaluations of defendant.

Secondly, defendant argues that the unresponsive and unobjected-to answer of a state witness to a question by defense counsel, revealing defendant's prior incarceration, constituted reversible error. The statement elicited by defense counsel's question was inadmissible but certainly not the result of prosecutorial bad faith. See *People v Wallen,* 47 Mich App 612; 209 NW2d 608 (1973). Nevertheless, the question we must answer is whether the prejudicial effect of this remark has resulted in manifest injustice. See *People v Duncan,* 55 Mich App 403; 222 NW2d 261 (1974). We find this to be a situation where the prejudicial effect of the incompetent testimony could have been cured by an admonition by the trial judge, see *United States v Smith,* 403 F2d 74 (CA 6, 1968), and does not mandate reversal.

Next, defendant would have us find that the prosecutor's closing argument improperly focused upon issues broader than defendant's guilt or innocence, thereby encouraging the jury to decide the case on irrelevant factors. The only remark properly preserved for appellate review was supported by the evidence and did bear some relationship to whether defendant knew what he was doing. *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973). Any prejudicial propensities of the statements not objected to at trial but complained of on appeal could have been curtailed by curative instructions by the trial court. *People v Sesson,* 45 Mich App 288; 206 NW2d 495 (1973), *lv den,* 389 Mich 801 (1973).

Fourth, defendant challenges the trial court's *sua sponte* instruction regarding defendant's failure to testify. This was not error. *People v Robert Hall,* 56 Mich App 10; 223 NW2d 340 (1974).

Finally, defendant's contention that the district courts lack criminal jurisdiction has been rejected by the Supreme Court in *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Affirmed.