PEOPLE v FISHER

Opinion of the Court

1. Criminal Law—Date of Offense—Instructions to Jury—Witnesses—Information.

A defendant was given proper notice of the date upon which it was alleged that the offense with which he was charged took place where the trial court's instructions did not permit the jury to find that the offense took place on a date unsupported by the evidence and where the testimony of the prosecution's witnesses, the amended information filed by the prosecutor, and the trial court's instructions to the jury made it clear that the issue litigated and instructed on was whether the defendant committed the alleged offense on the date specified in the amended information.

2. Criminal Law—Evidence—Prior Crimes—Probative Questions —Material Questions.

A trial court may permit inquiries into a defendant's criminal activities which occurred either prior or subsequent to the criminal transaction for which the defendant has been charged where such inquiry is relevant to the defendant's motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing the act in question; such inquiries need not directly tend to prove an essential element of the people's case, but must be probative of and material to a matter in issue (MCLA 768.27; MSA 28.1050).

3. Criminal Law—Evidence—Admissibility—Intent—Motive—Similar Acts—Material Evidence—Prejudicial Effect—Probative Value—Factors—Statutes.

The evidence statute regarding proof of intent and motive by

References for Points in Headnotes

[1] 75 Am Jur 2d, Trial § 722.
[2–7] 29 Am Jur 2d, Evidence §§ 321, 322, 324–327, 329, 330, 333.
    Admissibility, in prosecution for sexual offense of evidence of other similar offenses. 77 ALR2d 841.
[6] 75 Am Jur 2d, Trial § 166.

similar acts requires a trial court to determine, before such evidence may be admitted, that (1) the evidence is material to a matter in issue, and (2) the prejudicial effect of the evidence will not substantially outweigh its probative value; in balancing prejudicial effect against probative value the trial court should consider such factors as the need for the evidence in order to satisfy an element of the prosecution's case, the defendant's theory of the case, the cumulative nature of the evidence, the evidence's tendency to inflame or distract the trier of fact, and the degree to which the evidence will subject the trial to unnecessary delay (MCLA 768.27; MSA 28.1050).

4. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT IN THE SECOND DE-
GREE—PROSECUTORS—DEFENDANT'S PURPOSE—DEFENDANT'S SPE-
CIFIC INTENT—STATUTES.

The prosecution is not required to prove the defendant's purpose or specific intent in a trial for criminal sexual conduct in the second degree, but the defendant's actual purpose behind the intentional touching is a matter in issue, and may be proven (MCLA 750.520c[1] [b]; MSA 28.788[3] [1] [b]).

5. CRIMINAL LAW—EVIDENCE—ADMISSION—PRIOR CRIMES—ABUSE OF
DISCRETION—PROBABLE PREJUDICE—PROBATIVE VALUE—ABUN-
DANCE OF EVIDENCE—HARMLESS ERROR.

The admission of evidence in a criminal trial regarding prior similar criminal acts by the defendant is an abuse of the trial court's discretion where the court does not consider the probable prejudice to the defendant which would result from the admission of the evidence and where the probative value of the evidence is miniscule due to an abundance of other evidence; however, the impact of such an abuse of discretion is harmless beyond a reasonable doubt where the other evidence presented forms an overwhelming indication of the defendant's guilt.

6. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—DEFENDANT AS
WITNESS—REVERSIBLE ERROR—LACK OF OBJECTION—CURATIVE
INSTRUCTIONS.

It is reversible error to introduce evidence of prior convictions of the defendant in a criminal trial where the defendant has not testified; such error does not mandate reversal, however, where the testimony complained of was a nonresponsive, volunteered statement of a witness that went without objection or a request for a curative instruction, and where the incompetent testimony could have been cured by an admonition by the trial judge.

DISSENT BY C. J. BYRNS, J.

7. CRIMINAL LAW—EVIDENCE—PRIOR SIMILAR CRIMES—HARMLESS ERROR—HIGHLY PREJUDICIAL EVIDENCE—INCALCULABLE EFFECTS.

   *The admission of evidence over defense objection in a criminal trial regarding prior similar criminal acts by the defendant is not harmless error beyond a reasonable doubt, notwithstanding the other evidence of the defendant's guilt, where the evidence of the prior criminal acts is highly prejudicial and its effect upon the jury incalculable, doubtlessly rendering it more probable in their minds that the defendant committed the specific charge he is being tried for.*

Appeal from Lenawee, Rex B. Martin, J. Submitted April 6, 1977, at Lansing. (Docket No. 27805.) Decided July 18, 1977. Leave to appeal denied, 402 Mich —.

Fredrick H. Fisher was convicted of criminal sexual conduct in the second degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Mark I. Leach,* Assistant Attorney General, of counsel), for the people.

*Baker, Durst, Marr & Nelson,* for defendant.

Before: BRONSON, P. J., and M. F. CAVANAGH and C. J. BYRNS,* JJ.

M. F. CAVANAGH, J. Defendant appeals as of right from a November 18, 1975, jury conviction for the offense of criminal sexual conduct in the second degree, MCLA 750.520c(1)(b); MSA 28.788(3)(1)(b). He received a prison sentence of 2-1/2 to 15 years.

* Circuit judge, sitting on the Court of Appeals by assignment.

I

The initial complaint, warrant, and information charged the defendant with having engaged in sexual misconduct with his 13-year-old daughter on April 8, 1975. At the preliminary examination, the victim testified that the event had transpired on the afternoon of May 8, 1975, not in April. The officer in charge of the case testified that in a previous conversation the defendant had admitted the truth of the allegations charged, but had stated that the event had occurred on April 8, 1975. The district court ruled that since sufficient evidence of a crime and the defendant's involvement had been established, the exact date of the offense was of little consequence.

Following the bind-over, the prosecutor filed an amended information which added an extra count of attempted criminal sexual conduct and alleged that the offense had occurred on May 8, 1975. The prosecution's trial witnesses reiterated their previous testimony concerning the date of the offense, and the trial court instructed the jury that the offense charged was alleged to have taken place on May 8.

While we do not dispute the defendant's contention that the prosecutor must try the defendant based on a specific criminal transaction, it is clear that the issue litigated and instructed on by the trial court was whether the defendant committed the alleged offense on May 8, 1975. Unlike *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969), in which the trial court's instruction 'would have permitted the jury to find that the offense took place on a date unsupported by the evidence, this defendant had proper notice of the date of the offense charged and received a proper trial based on that information.

## II

During direct examination of the victim, the prosecutor attempted to inquire whether similar incidents had taken place between herself and her father. Defense counsel objected on the ground that the answer would prejudice the defendant by distracting the jury's attention to criminal activity for which the defendant had not been charged. The prosecutor responded that evidence of prior occurrences was admissible as relevant to the defendant's intent. Without stating his rationale, the trial court ruled that the witness could answer. The victim testified that similar sexual incidents had occurred three or four times before the event which gave rise to the charge. She had not reported these previous incidents because she had feared her father's reaction.

The defendant argues on appeal that the inquiry into prior criminal activity reversibly prejudiced his right to a fair trial. While we harbor several reservations regarding the trial court's ruling, the admission of this evidence does not require that the defendant receive a new trial.

With few exceptions, a trial court may not permit inquiries into a defendant's criminal activities which occurred either prior or subsequent to the criminal transaction for which the defendant has been charged. *People v Spillman,* 399 Mich 313, 319; 249 NW2d 73, 75 (1976), *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97, 99 (1973). The danger of "diverting the trier of fact from an objective appraisal of the defendant's guilt or innocence" is rarely outweighed by the probative value of such evidence. Moreover, the possibility of the jury convicting the accused for uncharged, unrelated criminal acts raises several rarely recognized

statutory and constitutional issues of notice and fairness. See MCLA 767.76; MSA 28.1016.

The prosecutor successfully sought admission of the evidence under the statutory exception which allows proof of other criminal activities when relevant to the defendant's "motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question". MCLA 768.27; MSA 28.1050. While the evidence need not directly tend to prove an essential element of the people's case, it must be probative of a matter in issue, *e.g.,* identity, *People v Spillman, supra, People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971), nonconsent in a forcible rape, *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), or purposeful conduct where relevant to the charge, *People v DerMartzex, supra.*[1] *People v Oliphant, supra,* and *People v Spillman, supra,* both recognize that the trial court faces a double task in determining whether to admit evidence under the statute: the court must determine (1) that the evidence is material to a matter in issue, and (2) that the prejudicial effect of the evidence will not substantially outweigh its probative value. *People v Oliphant, supra,* at 489–490; 250 NW2d at 449. In balancing prejudicial effect against probative value, the trial court should take into consideration such factors as the need for the evidence in order to satisfy an element of the prosecution's case, the defendant's theory of the case, the cumulative nature of the

---

[1] Evidence of the defendant's motive, intent, absence of mistake or accident, or the scheme, plan or system in doing the act is admissible under the statutory exception even if the point sought to be proved, *e.g.,* identity, nonconsent of the victim, is not listed in the statute. The fact that the motive, intent, absence of mistake, etc., is *material* to a matter in issue suffices to bring the statutory exception into play. *People v Oliphant,* 399 Mich 472, 488–489; 250 NW2d 443, 449 (1976), *People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971).

evidence, the tendency of the evidence to inflame or distract the trier of fact, and the degree to which the evidence will subject the trial to unnecessary delay. *People v Oliphant, supra,* at 490; 250 NW2d at 449–450, *People v Spillman, supra,* at 321; 249 NW2d at 76.

The offense with which the defendant was charged does not require the prosecutor to prove the defendant's purpose or specific intent. The pertinent provisions provide as follows:

MCLA 750.520c; MSA 28.788(3):

"(1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:

\*   \*   \*

"(b) That other person is at least 13 but less than 16 years of age and the *actor* is a member of the same household as the victim, or is related by blood or affinity to the fourth degree to the victim, or is in a position of authority over the victim and the actor used this authority to coerce the victim to submit.

\*   \*   \*

"(2) Criminal sexual conduct in the second degree is a felony punishable by imprisonment for not more than 15 years."

MCLA 750.520a; MSA 28.788(1):

"As used in sections 520a to 520l:

"(a) 'Actor' means a person accused of criminal sexual conduct.

"(b) 'Intimate parts' includes the primary genital area, groin, inner thigh, buttock, or breast of a human being.

\*   \*   \*

"(g) 'Sexual contact' includes the intentional touching of the victim's or actor's intimate parts or the inten-

tional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.

\* \* \*

"(i) 'Victim' means the person alleging to have been subjected to criminal sexual conduct."

Under the MCLA 520a(g); MSA 28.788(1)(g), definition of "sexual contact", the defendant's specific intent is not an essential element of the crime. The actor must touch a genital area intentionally, but he need not act with the purpose of sexual gratification. Rather, it suffices if "that intentional touching *can reasonably be construed as being for the purpose* of sexual arousal or gratification".[2] (Emphasis supplied.) But much the same as motive is not an essential element in a criminal case, yet may be proven under the statute, the defendant's actual purpose behind the intentional touching is a matter in issue, and may be proven. Clearly the defendant's "motive or intent" within the meaning of MCLA 768.27; MSA 28.1050, is "material" to his purpose in touching the victim, and his prior sexual misconduct with his daughter "tends to show" his intent in the particular misconduct for which he was charged.

While the prior acts of the defendant may have been material to an issue in the case, the trial court's decision did not consider the probable prej-

[2] An earlier proposed (now rejected) version of the Michigan Revised Criminal Code contained a parallel provision which required proof that the actor's purpose was sexual gratification. *See,* Comment, *Sex Offenses and Penal Code Revision in Michigan,* 14 Wayne L Rev 934 (1968). The language of MCLA 750.520a(g); MSA 28.788(1)(g), must be read as a substantial lessening of the prosecutor's burden of proof: the touching must be intentional, but the actor's purpose need not be proven to the jury. On the contrary, the jury may find that the actor's actual purpose was other than sexual gratification, *e.g.,* anger, revenge, but still find that "sexual contact" had taken place.

udice which would result from such evidence.[3]
Although the evidence was minimal in length and
did not dwell on inflammatory or distracting de-
tails, the abundance of other evidence from which
the jury could infer a purpose of sexual gratifica-
tion made the probative value of the evidence
miniscule and its admission an abuse of discretion.

Even though this evidence should not have been
admitted, we are convinced that its impact was
harmless beyond a reasonable doubt. The other
evidence formed an overwhelming indication of
the defendant's guilt.

### III

The defendant argues that his right to a fair
trial was irremediably prejudiced by testimony
which implied that he had been incarcerated on
an unrelated conviction. While we agree that it is
reversible error to introduce evidence of prior
convictions if the defendant has not testified, *Peo-
ple v Deblauwe,* 60 Mich App 103; 230 NW2d 328
(1975), the testimony complained of was a nonre-
sponsive, volunteered statement of a witness that
went without objection or a request for a curative
instruction. Upon examination of the record, we
find that "the prejudicial effect of the incompetent
testimony could have been cured by an admonition
by the trial judge, and does not mandate reversal".
*People v Chambers #1,* 64 Mich App 311, 313; 236
NW2d 702, 703 (1975). (Citations omitted.)

### IV

The defendant claims that the prosecutor will-

---

[3] *Oliphant, supra,* contemplates that the trial court make a decision
more reasoned than a statement of the result. Moreover, the nature
of the evidence should be examined out of hearing of the jury before
ruling on its admission. Once prejudicial inadmissible evidence is
exposed to the jury, a corrective instruction to disregard the testi-
mony is practically ineffective.

fully vouched for the defendant's guilt during final argument and that such misconduct requires reversal, even absent trial court objection. Our review of the context of the prosecutor's remarks reveals them to have been no more than strong argument based on reasonable inferences drawn from the trial testimony. The remarks did not cross over into statements of personal belief in the defendant's culpability, and to the extent that they too strongly argued the people's case, the resulting prejudice could have been cured by proper instruction. No manifest injustice occurred.

Affirmed.

BRONSON, P. J., concurred.

C. J. BYRNS, J. *(dissenting).* I respectfully dissent.

I agree with my learned brothers' conclusion that the admission, over defense objection, of evidence of defendant's prior acts constituted an abuse of discretion. I cannot agree that its impact upon the minds of the jurors was harmless beyond a reasonable doubt, the other evidence of defendant's guilt notwithstanding.

In *People v Heiss,* 30 Mich App 126, 129; 186 NW2d 63 (1971), precisely the same kind of evidence of prior sexual contacts between the complainant and defendant was admitted, without objection. This Court nevertheless reviewed the error, to avoid "clear injustice", and concluded that reversal was warranted:

"The testimony was highly prejudicial and its effect upon the jury is *incalculable,* doubtless rendering it more probable in their minds that he committed the specific charge he is being tried for." *Heiss, supra,* at 132. (Emphasis added.)

Careful reading of the opinion in *Heiss* will make plain my reason for dissenting: Once burned, twice shy.

I would reverse.