PEOPLE v CORBEIL

1. SEARCHES AND SEIZURES—EVIDENCE—PARTICIPANT MONITORING—
MONITORING WITHOUT WARRANT—CASE PRECEDENT.

Evidence seized from a defendant who was arrested as a result of
information obtained without a warrant by means of a trans-
mitter wired to an informant who engaged in conversation with
the defendant was properly received where the warrantless
monitoring was conducted prior to the date of a decision of the
Supreme Court which held that such monitoring is illegal, but
which was to be applied prospectively only.

2. CRIMINAL LAW—EVIDENCE—SIMILAR ACTS—MATERIAL EVIDENCE—
PREJUDICE—PROBATIVE VALUE.

Evidence of a defendant's acts similar to those with which he is
charged must be excluded where its prejudicial impact substan-
tially outweighs its probative value, even where such evidence
is material to a matter in issue.

3. CRIMINAL LAW—EVIDENCE—INTENT—SIMILAR ACTS—JUDGE'S DIS-
CRETION—CONFUSING TESTIMONY.

A trial court abused its discretion in admitting over objection, in
a trial for delivery of controlled substances, testimony of infor-
mants regarding a similar earlier transaction involving the
defendant which was offered to show intent where the defend-
ant's intent was not in issue, and where the witnesses' testi-
mony tended to blur the distinctions between the earlier events
and the crime charged, raising the possibility that the jury
based its findings on a belief in the defendant's guilt of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures § 31.
[2, 3] 29 Am Jur 2d, Evidence §§ 298-304.
[4] 29 Am Jur 2d, Evidence §§ 363, 364, 366.
[5] 30 Am Jur 2d, Evidence § 1080.
   75 Am Jur 2d, Trial § 304.
[6] 29 Am Jur 2d, Evidence § 249 *et seq.*
[7-9] 41 Am Jur 2d, Indictments and Informations § 200 *et seq.*
[10, 11] 21 Am Jur 2d, Criminal Law §§ 143-145.
[11] Instructing on burden of proof as to defense of entrapment in
   Federal criminal case. 28 ALR Fed 767.

earlier transaction rather than his guilt of the transaction charged.

4. CRIMINAL LAW—EVIDENCE—INTENT—RELEVANCE OF EVIDENCE.

Testimony of a witness regarding a defendant's offer to furnish drugs and to establish the witness as a prostitute to facilitate her future purchase of drugs from the defendant was properly admitted as relevant to the defendant's intent to deliver drugs which were found on and near his person where the court was not asked to exclude the testimony on the ground that its prejudicial impact outweighed its probative value.

5. WITNESSES—CRIMINAL LAW—EVIDENCE—CREDIBILITY OF WITNESSES.

Testimony on direct examination of two informants regarding their reasons for serving as volunteer undercover police agents, offered as bearing upon the informants' credibility, should have been excluded where the testimony was susceptible to contradictory inferences about their credibility; if offered to show bias, the testimony was inadmissible as an attempt by the prosecutor to impeach his own witnesses, and if offered to support the witnesses' credibility, it was an improper attempt to bolster that credibility before it had been attacked.

6. CRIMINAL LAW—EVIDENCE—IRRELEVANT TESTIMONY—HARMLESS ERROR.

Testimony of an arresting police officer, over objection, that he had reason to believe a defendant was armed at the time of arrest was irrelevant to the charged offense and its admission was improper, but was harmless error where defense counsel succeeded on cross-examination in showing that the defendant was not armed and offered no resistance.

7. INDICTMENT AND INFORMATION—AMENDMENT OF INFORMATION—STATUTES.

A trial court has statutory authority to amend an information at any time in respect to any defect, imperfection or omission in form or substance (MCLA 767.76; MSA 28.1016).

8. INDICTMENT AND INFORMATION—AMENDMENT OF INFORMATION—ALTERATION OF SUBSTANCE—STATUTES.

An amendment of an information which alters the substance of the information entitles the defendant to a discharge of the jury and a continuance, unless it clearly appears from the whole proceeding that the defendant has not been misled or prejudiced by the defect in respect to which the amendment is made (MCLA 767.76; MSA 28.1016).

9. INDICTMENT AND INFORMATION—PLEADING—PLEADING OF STATUTE —AMENDMENT OF INFORMATION—PREJUDICE—STATUTES.

It is sufficient in an information, when pleading a statute or a right derived therefrom, to refer to the statute by its title or in any other manner which identifies the statute; therefore, a defendant was not prejudiced by amendment of an information which charged him with violations of specified provisions of the Controlled Substances Act where the language of the original information was amended to conform with the language of those specified statutory provisions (MCLA 767.2, 767.57; MSA 28.942, 28.997).

10. CRIMINAL LAW—DEFENSES—ENTRAPMENT—QUESTION OF LAW.

The issue of entrapment is to be considered by the court, not by the jury.

11. CRIMINAL LAW—DEFENSES—ENTRAPMENT—BURDEN OF PROOF— PREPONDERANCE OF EVIDENCE.

A defendant who is entitled to an evidentiary hearing on the issue of entrapment shall bear the burden of proof by a preponderance of the evidence.

Appeal from Ontonagon, Donald L. Munro, J. Submitted May 3, 1977, at Marquette. (Docket No. 27243.) Decided August 23, 1977.

Kenneth Corbeil was convicted of delivery of amphetamines and possession with intent to deliver of marijuana. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Roy D. Gotham,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Green, Renner, Weisse, Rettig, Rademacher & Clark,* for defendant on appeal.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Defendant appeals as of right his October 25, 1975, jury convictions for delivery of amphetamines, MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b), and possession with intent to deliver marijuana, MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c). On November 25, 1975, defendant was sentenced to a prison term of 2 to 7 years on the first conviction, and to a term of 2 to 4 years on the second conviction, to be served concurrently.

The case arises out of the undercover activities of three women in Ontonagon County in January, 1975. Linda Robinson and Cathy Kolinsky had been working as undercover informants for law enforcement agencies since October, 1974. In January, they were directed by their supervisor, Detective Sergeant Aird of the State Police, to work in association with Barbara Mason, a local resident of Ontonagon, in searching out drug dealers and making undercover drug purchases. On January 30th, 1975, they met Kenneth Corbeil and two other men in a bar in Ontonagon. After some conversation regarding drugs, the parties agreed to meet later that day in another bar. At the second meeting, the defendant allegedly gave one capsule of amphetamine to each of the women, and they arranged to meet in a nearby motel for a party and, allegedly, for another drug transaction.

Linda Robinson had been wired with a body transmitter to transmit the group's conversations to Sergeant Aird, who had remained nearby in his automobile. The informants had also arranged a signal to indicate whether they had been successful in making a drug transaction in the second meeting. If drugs had been obtained, the women were to leave in the direction of the predetermined motel meeting place. If the informants had been unsuccessful, they were to drive in the opposite

direction. When the informants left the second meeting, they indicated by their direction that they had been successful, and the police followed them to the motel "rendezvous".

According to the plan, the defendant and his companion were to purchase some beer and wine and then meet the women at the motel. Upon the defendant's arrival, he was arrested for delivery of a controlled substance. A subsequent search disclosed a quantity of amphetamines on defendant's person and 2/10 of a gram of hashish of which the defendant apparently had attempted to rid himself upon his arrest.

I

The defendant argues that the trial court should have suppressed the hashish and amphetamines found in the search as the fruits of an unreasonable, warrantless search. Defendant claims that the police *warrantless* participant monitoring could not be used to provide probable cause because of *People v Beavers*, 393 Mich 554; 227 NW2d 511 (1975), and that in the absence of information obtained from the illegal monitoring, the police lacked probable cause for his arrest.

The monitoring in this case preceded the Supreme Court's decision in *Beavers, supra.* The Supreme Court has recently held that the rule enunciated in *Beavers* may not be applied in such a case. *People v Drielick,* 400 Mich 559; 255 NW2d 619 (1977). That decision is fatal to defendant's position on this issue.

II

Early in the trial, the prosecutor sought to

introduce evidence that these informants had obtained illegal drugs ("chemicals" and a marijuana cigarette) from the defendant during a meeting on January 21st, 1975. The defendant objected strenuously on the grounds that this testimony would refer to similar criminal activity of which the defendant, by the time of this trial, had already been acquitted. After some consideration the trial court decided that evidence of this prior activity was admissible under the "similar acts" statute, MCLA 768.27; MSA 28.1050, as relevant to the defendant's intent during the January 30th incident.

All three informants testified concerning the alleged transactions of January 21st. The record reflects more than ten separate references to the events of that date. The trial court gave an instruction which limited the jury's consideration of that evidence to the issue of the defendant's "intent" on January 30th, and informed the jury that the defendant had been acquitted of the alleged January 21st offense.

We accept for the purpose of discussion the prosecution's premise that evidence tending to show the defendant's prior delivery of a controlled substance to these informants was material to a matter in issue, *viz.,* the defendant's intent in possession of the hashish. See *People v Oliphant,* 399 Mich 472, 488–489; 250 NW2d 443, 449 (1976). However, even material evidence of similar acts must be excluded where its prejudicial impact substantially outweighs its probative value. *People v Oliphant, supra,* at 489–490; 250 NW2d at 449, *People v Fisher,* 77 Mich App 6; 257 NW2d 250 (1977).

In the instant case other evidence, particularly

the informant's testimony concerning the January 30th meetings, was available to the prosecution to help meet its burden of proving that the defendant intended to deliver the drugs found in his possession upon his arrest. The defendant did not advance a version of the events which affirmatively raised the issue of intent. Rather, he claimed both that no delivery had taken place and that the hashish had been "planted" by the police. In sum, the prosecution lacked a strong need for this evidence; the primary issue was the credibility of the witnesses.

The evidence undeniably interjected the issue of the defendant's involvement in another drug transaction which had allegedly taken place on January 21st, little more than a week before the events of the date in question. Testimony as to the events of January 21st was elicited in detail. Moreover, the informants' testimony meandered to and fro between the events of the 21st and those of the 30th, blurring the depictions of each into a vague pattern of alleged misdeeds by the defendant. As a result, the possibility is great that the jury based its findings on a belief in the defendant's guilt of the earlier transaction, rather than on that of the January 30th occurrence.

Alternative and less prejudicial sources of proof, little need for the evidence, potential for confusing the issues, and tendency to inflame the passions of the jury are all present here, and we therefore find the trial court abused its discretion. *People v Oliphant, supra,* 399 Mich at 490; 250 NW2d at 449–450, *People v Fisher, supra,* 77 Mich App at 6; 257 NW2d at 250 (1977). From a review of the record, we cannot say that it was harmless beyond a reasonable doubt.

## III

Over a defense objection, as irrelevant, one of

the informants was allowed to testify that defendant had offered to provide her and her companions with a house and drugs sufficient to keep them "buzzing for weeks on end as long as [they] had the money to purchase the drugs". She also testified that defendant had offered to help them earn the money necessary to buy the drugs by providing them with a clientele for prostitution. The court ruled that this testimony was admissible to show defendant's intent to commit the charged offense.

As to the offer to furnish drugs, the court's ruling was clearly correct.

Read in connection with the statement that the proceeds could be used to purchase drugs, the alleged offer to establish the informants as prostitutes was probative of defendant's intent to facilitate future sales. From this fact a reasonable juror might infer that defendant intended to deliver the drugs subsequently found on and near his person. The evidence was therefore logically relevant. The court was not asked to exclude the evidence on the ground that its prejudicial impact outweighed its probative value. See *People v DerMartzex*, 390 Mich 410, 415; 213 NW2d 97, 100 (1973).

## IV

Again over the defendant's objection, two of the informants were asked on direct examination why they had volunteered to serve without compensation as undercover police agents. They proceeded to testify that they had watched drugs "destroy" a man, husband to one, brother-in-law to the other. They further testified to the disruption which this had caused his family, and of their resulting determination to combat the "drug problem". In his argument to the jury the prosecutor emphasized

these facts and motives as supportive of the witnesses' credibility.[1]

On appeal the prosecution argues that the facts are "neutral" background data, as favorable to the defense (because of an inference of bias) as prejudicial.

We agree that the evidence is susceptible to contradictory inferences about the witnesses' credibility. The evidence gives rise to a reasonable inference that the witnesses had an "axe to grind", and thus reflects adversely on their credibility. However, if offered for this purpose, the testimony was inadmissible as an attempt by the prosecutor to impeach his own witnesses by showing their bias.[2] The testimony could also be interpreted as supporting the witnesses' credibility, as the prosecutor's argument to the jury illustrates, by portraying them as people who had personally known and suffered the problem of drug abuse, and who were motivated only by an honest desire to combat that problem, and not to prevaricate. If offered for this purpose, the evidence was an attempt to bolster the credibility of witnesses before it had been attacked. This is improper.[3]

---

[1] "These two men stand here about to be remanded into your hands because of deception that they practiced because they would have their own net around them and complained that the law abiding citizens who were attempting to halt what is becoming an endemic disastrous problem of which two of these ladies had personal family experience to be the crimes and I say that because to me for the Jury not to find that we have proved this case beyond a reasonable doubt will have to be to discount the testimony of Mrs. Kolinsky who lived with this problem, destroyed her marriage and her husband, her sister, Linda Robinson, who lived with this problem in trying to get her sister and her sister's daughter out of the house when the parties were going on * * * ."

[2] *See* McCormick, Evidence (2d ed), § 38, pp 75–78; 3A Wigmore, Evidence (Chadbourn rev), §§ 896–918, pp 658–721. *Cf. Thelen v Mutual Benefit Health & Accident Ass'n*, 304 Mich 17, 22; 7 NW2d 128, 130 (1942), *Farthing v Hepinstall*, 243 Mich 380, 384; 220 NW 708, 709 (1928). *But see* Michigan Proposed Rules of Evidence, Rule 607. *See also* Comment, Impeaching One's Own Witness, 49 Va L Rev 996 (1963), for sharp criticism of the rule that one may not.

We conclude that the probative weight of the evidence could have been felt on either side of the scales, but was properly received on neither side. The evidence should have been excluded.

## V

The arresting officer was allowed to testify over objection that he had reason to believe that defendant was armed at the time of his arrest. This evidence was irrelevant to the charged offense, and should not have been admitted. We note that this subject was pursued by defense counsel on cross-examination who succeeded in showing that defendant was not armed and offered no resistance. We are persuaded that this error was harmless.

## VI

On the first day of trial, after the jury was selected but before the receipt of any evidence, defense counsel moved to quash the information on the ground that it stated no offense. Count I of that information charged defendant with delivery of "dexadrine" [sic], contrary to MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). Count II charged possession with intent to deliver "hashish", contrary to MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c). Over objection the prosecution was permitted to amend the information to charge delivery of amphetamines in Count I, and possession with intent to deliver marijuana containing tetrahydrocannabinol (THC) in Count II. Defendant contends that this was error.

The court has statutory authority to amend an information "at any time before, during or after

---

[3] McCormick, Evidence (2d ed), § 49, p 102 *et seq.;* 4 Wigmore, Evidence (Chadbourn rev), § 1119, pp 253–254.

the trial * * * in respect to any defect, imperfection or omission in form or substance * * * ". MCLA 767.76; MSA 28.1016. If the amendment alters the substance of the information, the defendant is entitled to a discharge of the jury and a continuance unless it clearly appears from the whole proceeding that the defendant "has not been misled or prejudiced by the defect * * * in respect to which the amendment is made * * * ". MCLA 767.76; MSA 28.1016, *People v Anderson,* 62 Mich App 475, 479–481; 233 NW2d 620, 622 (1975). An amendment without retrial is permissible where "the amendment attempts to cure a defect in the statement of the offense charged, and the original statement was sufficient to apprise the defendant and the trial court of the nature of the charge * * * ". *People v Bruce,* 35 Mich App 358, 359–360; 192 NW2d 634, 635 (1971), *lv den,* 387 Mich 788 (1972). See also *People v Adams,* 389 Mich 222, 242–244; 205 NW2d 415, 425 (1973). Under MCLA 767.57; MSA 28.997, "In pleading a statute or a right derived therefrom it is sufficient to refer to the statute by its title, or in any other manner which identifies the statute and the court must thereupon take judicial notice thereof." This statute applies to informations. MCLA 767.2; MSA 28.942.

The information charged defendant with violations of specified statutes. The statute particularized in Count I prohibits delivery of a substance, other than marijuana, listed in schedules 1, 2 or 3 of the Controlled Substances Act. MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). Schedule 2 of the Controlled Substances Act includes "any material, compound, mixture, or preparation which contains any quantity of * * * Amphetamine, its salts, optical isomers, and salts of its optical iso-

mers". MCLA 335.316(c)(i); MSA 18.1070(16)(c)(i). The substance specified by the information was Dexedrine, which is defined by Webster's New Collegiate Dictionary (1974) as a trademark, "used for a preparation of the sulfate of dextroamphetamine". The original information gave defendant sufficient notice of the offense as subsequently charged. Amending the information to charge in the language of the statute did not prejudice defendant.

Similarly, Count II specified a violation of MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c) by possession of "hashish" with intent to deliver. The indicated statute refers to substances classified in schedule 4 of the Controlled Substances Act and marijuana. "Marihuana" is defined in § 5 of that act as "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin". MCLA 335.305(3); MSA 18.1070(5)(3). "Hashish" is defined by Webster's New Collegiate Dictionary (1974) as "the unadulterated resin from the flowering tops of the female hemp plant (Cannabis sativa) that is smoked, chewed, or drunk for its intoxicating effect". Again, defendant was not prejudiced by the amendment to the information, nor was he misled by the variance between the information as originally filed and as amended. This issue is without merit.

## VII

Finally, defendant contends that the trial court erred by refusing a request to submit the issue of entrapment to the jury. This was not error; the

issue of entrapment is for the court, rather than the jury. *People v Dean,* 74 Mich App 19, 28–29; 253 NW2d 344, 348 (1977), *People v Stanley,* 68 Mich App 559, 565; 243 NW2d 684, 687 (1976), *People v Sheline,* 64 Mich App 193, 198–199; 235 NW2d 177, 178–179 (1975), *lv granted,* 395 Mich 817 (1975).

However, our resolution of the issue regarding admission of the similar acts evidence requires that this case be reversed and remanded to the trial court for further proceedings. On remand defendant shall be entitled on motion to an evidentiary hearing on entrapment at which he shall bear the burden of proof by a preponderance of the evidence. See *People v Dean, supra,* at 29; 253 NW2d at 348, *People v Stanley, supra,* at 568–570; 243 NW2d at 688–689.

Reversed and remanded.