STATE OF NEBRASKA, APPELLEE, V. JOHN EDWARD BERKMAN, APPELLANT.

430 N.W.2d 310

Filed October 14, 1988. No. 88-133.

Robert A. Ide, of Aten, Noble & Ide, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

On February 18, 1987, the defendant-appellant, John Edward Berkman, was charged in the district court for Phelps County with sexual assault of a child in violation of Neb. Rev. Stat. § 28-320.01 (Reissue 1985). Following a bench trial, the court found defendant guilty as charged and ordered a presentence investigation. The court determined the defendant was not a mentally disordered sex offender and sentenced him to the Nebraska Penal and Correctional Complex for a term of 16 months to 3 years, with credit for 191 days served pending trial. Defendant appeals, contending that the district court erred in finding that there was sufficient evidence to establish his guilt beyond a reasonable doubt and in abusing its discretion by imposing an excessive sentence. We affirm.

In a bench trial of a criminal case, the court, as the trier of fact, is the sole judge of the credibility of witnesses and the

weight to be given to their testimony. *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985). In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Guy*, 227 Neb. 610, 419 N.W.2d 152 (1988); *State v. Anderson*, 229 Neb. 427, 427 N.W.2d 764 (1988).

Viewing the evidence in the light most favorable to the State, the record shows that the incident in question occurred on the night of November 4, 1986, in Holdrege, Phelps County, Nebraska, in an apartment occupied by the victim, her two brothers, and her mother. On that date, the victim was 13 years old and the defendant was 24 years old. The defendant lived in the apartment across the hall and had been dating the victim's mother.

The victim testified that on the night of November 4, 1986, she had been downstairs in her grandmother's apartment. She returned to her own apartment at about 9 p.m. to get her pajamas from her bedroom. At that time, the defendant was in the living room of the victim's apartment with an 11-year-old brother of the victim. The victim went into the bedroom, and defendant and the younger brother followed her. Defendant told the brother to leave the room, and he did so. As the victim stood facing the dresser, defendant approached her from behind. He hugged her around the shoulders and then, while asking her what kind of pop she wanted, touched her, as the victim testified, "In the boobs and the Suzy Q." Defendant rubbed her on the breasts and genital area and kissed her neck.

The victim told defendant to stop, but he did not do so until the younger brother returned to the bedroom about a minute and a half later. The younger brother testified that the defendant quickly moved away from the victim when he saw the brother. The victim reported the incident the next day to her older sister and her mother, and on November 14, 1986, to Officer Valerie Miller of the Holdrege Police Department.

Officer Miller testified that the defendant told her he probably touched the victim on the breasts but that he did not mean anything by it and that he had kissed the victim. Defendant also told the victim's mother that he might have accidentally touched the victim on the breast.

The defendant testified that in 1984 he had been convicted of a third degree sexual assault involving his 7-year-old sister, placed on 2 years' probation, and ordered to undergo counseling.

Defendant contends that the State failed to produce sufficient evidence of criminal intent. Specifically, he argues the State did not prove that his touching of the victim was intentional or for the purpose of sexual gratification.

The crime of sexual assault of a child is defined in § 28-320.01(1): "A person commits sexual assault of a child if he or she subjects another person fourteen years of age or younger to sexual contact and the actor is at least nineteen years of age or older." "Sexual contact" is defined in Neb. Rev. Stat. § 28-318(5) (Reissue 1985) as

> the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. . . . Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party.

The intent with which an act is committed is a mental process and may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident. *State v. Costanzo*, 227 Neb. 616, 419 N.W.2d 156 (1988).

We held in *State v. Charron*, 226 Neb. 871, 415 N.W.2d 474 (1987), that in proving "sexual contact," as defined in § 28-318(5), the State need not prove sexual arousal or gratification, but only circumstances and conduct which could be construed as being for such a purpose. The defendant admitted to the victim's mother and to Officer Miller that he came up behind the victim in her bedroom, kissed her, and touched her on the breast, albeit by accident. The victim and her younger brother testified to defendant's actions in the

bedroom. This testimony and the acts of hugging and kissing the victim and rubbing her breasts and genital area for approximately 1½ minutes are circumstances from which the trial court could find the defendant's conduct was intentional and for the purpose of his sexual arousal or gratification. Accordingly, defendant's contention that the evidence did not establish his criminal intent is without merit.

In his other assignment of error, defendant claims the trial court abused its discretion in sentencing him to a term of 16 months' to 3 years' imprisonment. The penalty for violation of § 28-320.01 is a maximum sentence of 5 years' imprisonment, a $10,000 fine, or both. There is no minimum sentence. A sentence imposed within the limits prescribed by statute will not be set aside as excessive absent an abuse of discretion on the part of the sentencing judge. *State v. Thomas,* 229 Neb. 635, 428 N.W.2d 221 (1988); *State v. Ladehoff,* 229 Neb. 111, 425 N.W.2d 352 (1988). We find no abuse of discretion, particularly in view of defendant's prior conviction.

The judgment of the district court is affirmed.

AFFIRMED.