[No. S126233. Aug. 10, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
BRIAN ERIC WARNER, Defendant and Appellant.

**COUNSEL**

John Ward, under appointment by the Supreme Court, for Defendant and Appellant.

Gary M. Mandinach for the California Public Defender's Association as Amicus Curiae on behalf of Defendant and Appellant.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Patrick J. Whalen, Janet E. Neeley, Stan Cross and Lee E. Seale, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WERDEGAR, J.**—A jury convicted defendant Brian Eric Warner of three counts of lewd or lascivious conduct with a child under 14 years of age. (Pen. Code,[1] § 288, subd. (a).) In addition, the jury found he had suffered a prior felony conviction in Nebraska for child sexual assault. Because the record does not show defendant's Nebraska crime contained all of the elements of any offense in California amounting to a serious felony, as defined in section 1192.7, subdivision (c), we conclude defendant was not subject to a serious-felony sentence enhancement (§ 667, subd. (a)) nor eligible to be sentenced under the three strikes law (§§ 667, subds. (b)–(i), 1170.12). Accordingly, we reverse in part the judgment of the Court of Appeal.

### FACTS

Defendant was married to C.H. and lived with her and her two daughters, C., then five years old, and S., then three years old. S. told her mother that defendant had touched her vagina. C.H. reported the incident to child protective services, who contacted police. An investigation led police to focus on three alleged incidents of lewd or lascivious behavior with S. During a police interrogation, defendant admitted all three incidents of sexual molestation. He also admitted the molestations to his wife, who surreptitiously tape-recorded his admission of one of the incidents. A jury convicted defendant of three counts of lewd or lascivious conduct with a child under 14 years of age. (§ 288, subd. (a).) After examining documents from Nebraska, the jury also sustained the allegation that defendant had previously suffered a conviction in Nebraska for child sexual assault in violation of Nebraska Revised Statutes section 28-320.01 (1995). The trial court sentenced him under the habitual sexual offender law (§ 667.71) to consecutive terms of 25 years to life for the three substantive counts and added a serious-felony enhancement term of five years for the prior out-of-state conviction (§ 667, subd. (a)). In the aggregate, defendant was sentenced to 80 years to life.

The Court of Appeal affirmed defendant's three convictions for violating section 288, subdivision (a) and the imposition of the serious-felony sentence enhancement under section 667, subdivision (a), but reversed the finding that

---

[1] All further statutory references are to this code unless otherwise stated.

defendant was eligible for sentencing under the habitual sexual offender law. The court remanded the case for resentencing, noting that defendant was eligible for sentencing under the three strikes law. On defendant's petition, we granted review and limited the issue to whether his prior Nebraska conviction for child sexual assault qualified as a serious felony for California sentencing purposes. In addition, at oral argument, we asked the parties to brief the further question whether, at the time of defendant's prior conviction, the Nebraska law "contained the same mens rea element as Penal Code section 288, subdivision (a), in that it required the defendant to harbor the specific intent to arouse or gratify the sexual desires of himself or the victim."

## Discussion

■ For criminal sentencing purposes in this state, the term "serious felony" is a term of art. Severe consequences can follow if a criminal offender, presently convicted of a felony, is found to have suffered a prior conviction for a serious felony. If the present conviction is also for a serious felony, the offender is subject to a five-year enhancement term to be served consecutively to the regular sentence. (§ 667, subd. (a).) Even if an offender's present conviction is not for a serious felony, a prior conviction for a serious felony renders the offender subject to the more severe sentencing provisions of the three strikes law. (§§ 667, subds. (b)–(i), 1170.12.)

■ Whether a crime qualifies as a serious felony is determined by section 1192.7, subdivision (c) (section 1192.7(c)), which lists and describes dozens of qualifying crimes. Murder, robbery, kidnapping, and forcible sexual assaults are of course on the list. At issue in this case are the crimes described in section 1192.7(c)(6): committing a "lewd or lascivious act on a child under the age of 14 years." Defendant's three present convictions for violating section 288, subdivision (a), which required proof he touched a child with lewd intent (*People v. Martinez* (1995) 11 Cal.4th 434 [45 Cal.Rptr.2d 905, 903 P.2d 1037]), indisputably qualify as serious felonies. The question is whether defendant's prior felony conviction in Nebraska similarly qualifies.[2]

■ Under our sentencing laws, foreign convictions may qualify as serious felonies, with all the attendant consequences for sentencing, if they satisfy certain conditions. For a prior felony conviction from another jurisdiction to support a serious-felony sentence enhancement, the out-of-state crime must "include[] all of the elements of any serious felony" in California. (§ 667, subd. (a)(1).) For an out-of-state conviction to render a criminal offender eligible for sentencing under the three strikes law (§§ 667, subds. (b)–(i),

---

[2] The question whether, consistent with due process of law, the jury and not the trial court must make this finding is not before us. (See *People v. McGee* (2006) 38 Cal.4th 682 [42 Cal.Rptr.3d 899, 133 P.3d 1054].)

1170.12), the foreign crime (1) must be such that, "if committed in California, [it would be] punishable by imprisonment in the state prison" (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2)), and (2) must "include[] all of the elements of the particular felony as defined in" section 1192.7(c) (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2)).[3] We now turn to the question whether defendant's prior conviction in Nebraska qualifies as a "serious felony."

## I

In 1996, defendant pleaded no contest in Nebraska to a charge of sexual assault of a child, in that he, "being a person nineteen years of age or older, subject[ed] [N.H.] whose date of birth is July 22, 1991, and who is a person of fourteen years of age or younger, to sexual contact," a violation of Nebraska Revised Statutes section 28-320.01. In order to determine whether this Nebraska crime contains "all of the elements" of a serious felony in California, we must first determine what elements are required by Nebraska law. At the time of defendant's crime, Nebraska Revised Statutes section 28-320.01 provided: "(1) A person commits sexual assault of a child if he or she subjects another person fourteen years of age or younger *to sexual contact* and the actor is at least nineteen years of age or older." (Italics added.) At that time, Nebraska Revised Statutes section 28-318(5) defined "sexual contact" as "the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. Sexual contact shall include only such conduct *which can be reasonably construed as being for the purpose of sexual arousal or gratification* of either party." (Italics added.)[4]

█ Nebraska Revised Statutes section 28-318(5) does not, on its face, require that the prohibited touching be for any particular purpose or be accomplished with any specific intent. The statutory language plainly states the actor must simply act intentionally; that is, he must intend to touch the victim. The touching cannot be involuntary or accidental. Instead of requiring

---

[3] A criminal offender may also be sentenced under the three strikes law if he or she has a prior conviction for a "violent felony," as defined in section 667.5, subdivision (c). (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2).) No party argues that the Nebraska crime of which defendant was convicted in 1996 qualifies as a "violent felony."

[4] After defendant's crime, Nebraska Revised Statutes section 28-318(5) was amended to add: "Sexual contact shall also include the touching of a child with the actor's sexual or intimate parts on any part of the child's body *for purposes of* sexual assault of a child under section 28-320.01." (2004 Neb. Laws 943, § 4, eff. Apr. 16, 2004, italics added.) This amendment is not at issue in this case.

specific intent, the statute requires proof the touching occurred under circumstances in which it "can be reasonably construed as being for the purpose of sexual arousal or gratification." (Neb. Rev. Stats., § 28-318(5).) This plain meaning controls. (*Caspers Constr. Co. v. Nebraska State Patrol* (2005) 270 Neb. 205, 209 [700 N.W.2d 587, 591] ["In construing a statute, an appellate court should consider the statute's plain meaning"]; see *In re Jennings* (2004) 34 Cal.4th 254, 263 [17 Cal.Rptr.3d 645, 95 P.3d 906] [we interpret statutes by giving statutory language its " 'plain, commonsense meaning' "].)

▆ Consistent with the statute's plain language, the Nebraska Supreme Court has never required proof of specific lewd intent to sustain a violation of Nebraska Revised Statutes section 28-318(5). According to the Nebraska Supreme Court, to prove "sexual contact" under Nebraska Revised Statutes section 28-318(5), the state need prove only that the "circumstances and conduct . . . could be construed as being for such a purpose [of sexually arousing or gratifying either the perpetrator or the victim]." (*State v. Osborn* (1992) 241 Neb. 424, 433 [490 N.W.2d 160, 167]; see *State v. Berkman* (1988) 230 Neb. 163, 166 [430 N.W.2d 310, 313].) Of course, the Nebraska Supreme Court is the final arbiter of the meaning of its state's laws. (See *Cooper v. Swoap* (1974) 11 Cal.3d 856, 886 [115 Cal.Rptr. 1, 524 P.2d 97] [California Supreme Court is "the final authority on matters of state law"]; see also *Burford v. Sun Oil Co.* (1943) 319 U.S. 315, 325 [87 L.Ed. 1424, 63 S.Ct. 1098] [recognizing Texas courts alone can give definitive interpretation of Texas state law].)

Michigan courts, construing similar statutory language, have explicitly rejected the argument that proof of specific lewd intent is required. The law in Michigan prohibiting sexual touching of a child, like the law in Nebraska, provides that "[a] person is guilty of criminal sexual conduct in the second degree if the person engages in *sexual contact* with another person" under certain circumstances, including that the victim is at least 13 years old but less than 16. (Mich. Comp. Laws, § 750.520c(1)(b), italics added.) "Sexual contact" is defined in Michigan, as in Nebraska, as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, *if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification . . . .*" (*Id.*, § 750.520a(n), italics added.) Under this definition of "sexual contact," according to the Michigan courts, "the defendant's specific intent is not an essential element of the crime. The actor must touch a genital area intentionally, but he need not act

with the purpose of sexual gratification. Rather, it suffices if 'that intentional touching *can reasonably be construed as being for the purpose* of sexual arousal or gratification.'" (*People v. Fisher* (1977) 77 Mich.App. 6, 13 [257 N.W.2d 250, 254].)

The *Fisher* court explained the Michigan law was deliberately constructed to omit a requirement that specific intent be proved and that an earlier legislative proposal to require proof of the actor's sexual purpose had been rejected. "The [statutory] language . . . must be read as a substantial lessening of the prosecutor's burden of proof: the touching must be intentional, but the actor's purpose need not be proven to the jury. On the contrary, the jury may find that the actor's actual purpose was other than sexual gratification, e.g., anger, revenge, but still find that 'sexual contact' had taken place." (*People v. Fisher, supra,* 257 N.W.2d at p. 254, fn. 2.) Construing an updated (but essentially identical) version of the same statute,[5] the Michigan courts have retained this interpretation, noting that "criminal sexual conduct is a general intent crime; a defendant's specific intent is not at issue." (*People v. Piper* (1997) 223 Mich.App. 642, 646 [567 N.W.2d 483, 485].)

The People resist the interpretation of Nebraska Revised Statutes section 28-318(5) that requires proof only of general intent to establish the crime of child sexual assault, but their arguments are unpersuasive. They first contend the phrase "reasonably construed as being for the purpose of sexual arousal" means a Nebraska prosecutor must prove the defendant acted with a sexual purpose. As we have explained, this interpretation is at odds with the plain meaning of the statutory language and with the decisions of the Nebraska Supreme Court. The People contend the Nebraska cases were "wrongly decided." Instead, they argue, "Nebraska merely requires that the proof of the defendant's purpose be subject to a reasonable construction." To the extent the Nebraska Supreme Court is merely interpreting Nebraska law, we are not at liberty to disagree with it. But even if we were, the People propose no explanation, and we are aware of none, why the Nebraska Legislature would deem it necessary to mandate, in a criminal statute, that evidence of criminal mens rea be subject to a "reasonable construction." We assume the trier of

---

[5] Michigan Compiled Laws section 750.520c prohibits "sexual contact" by an adult and a minor in many circumstances. Michigan Compiled Laws section 750.520a(n) has been rewritten only slightly since it was interpreted by *People v. Fisher, supra,* 257 N.W.2d 250, and now reads: "'Sexual contact' includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching *can reasonably be construed as being for the purpose of sexual arousal or gratification,* done for a sexual purpose, or in a sexual manner for: [¶] (i) Revenge. [¶] (ii) To inflict humiliation. [¶] (iii) Out of anger." (Italics added.)

fact in a criminal case must interpret the evidence presented at trial in a reasonable fashion. In sum, we reject the People's proposed interpretation as unreasonable and unsupportable.

## II

■ Having discerned the elements of the Nebraska crime of child sexual assault of which defendant was convicted in 1996, we turn to whether that crime contains all of the elements of a qualifying serious felony in California. This state's law proscribing comparable conduct is set forth in section 288, subdivision (a). Unlike the Nebraska law, section 288, subdivision (a) requires proof of specific lewd intent, providing: "Any person who willfully and lewdly commits any lewd or lascivious act, . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, *with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child*, is guilty of a felony." (Italics added.) A violation of this section requires proof of "the *specific intent* of arousing, appealing to, or gratifying the lust of the child or the accused." (*People v. Raley* (1992) 2 Cal.4th 870, 907 [8 Cal.Rptr.2d 678, 830 P.2d 712], italics added.) ■ Because Nebraska Revised Statutes sections 28-320.01 and 28-318(5) do not require proof of specific lewd intent, the Nebraska offense of child sexual assault does not include all of the elements of a violation of California's section 288, subdivision (a).

Section 1192.7(c)(6), however, in proscribing commission of a lewd or lascivious act on a child, does more than simply incorporate section 288, subdivision (a). We discussed the scope of the section in *People v. Murphy* (2001) 25 Cal.4th 136 [105 Cal.Rptr.2d 387, 19 P.3d 1129] (*Murphy*). At issue in *Murphy* was whether the defendant's conviction for violating section 288a, subdivision (c)—oral copulation with a child under 14 years of age—constituted a serious felony under section 1192.7(c)(6). Based on the use in section 1192.7(c)(6) of the "lewd or lascivious" act language from section 288, subdivision (a), the defendant argued the Legislature intended section 1192.7(c)(6) to refer only to violations of section 288, subdivision (a). (*Murphy*, at p. 144.) We rejected the argument. After considering a variety of factors indicative of the Legislature's intent, including the statute's plain language, its history, and the structure of section 1192.7(c) in general, we concluded that, "[a]lthough section 1192.7(c)(6) certainly includes acts that, because of the perpetrator's intent, are lewd or lascivious under . . . section 288, it is not limited to those acts." (*Murphy*, at p. 147.) Instead, it includes all types of felonies that involve lewd conduct with children under 14 years of age. Section 288, we explained, "is part of a statutory scheme that recognizes that some touchings of children are *always* harmful and improper, whereas others may or may not be, depending upon the actor's intent. To

address the former, the Legislature passed statutes—like section 288a, subdivision (c)(1) [oral copulation with a minor]—that precisely describe the inherently harmful acts and prohibit them in all circumstances. To address the latter, the Legislature passed section 288. And to implement this statutory scheme, [*People v.*] *Martinez*[, *supra*, 11 Cal.4th 434] reaffirmed a broad definition of a lewd or lascivious act that includes *any* touching committed with the [specific] intent section 288 describes, so as to *extend* protection *beyond* the inherently lewd acts precisely described and prohibited by the other statutes in the family of felony sex offenses." (*Murphy*, at p. 147.) Accordingly, we held in *Murphy* that "[a]n act of oral copulation on a child under 14 years of age by a person more than 10 years older than the child is a lewd or lascivious act under the common and ordinary meaning of those words [as used in section 1192.7(c)(6)]." (*Murphy*, at p. 143; see *People v. Fox* (2001) 93 Cal.App.4th 394 [112 Cal.Rptr.2d 907] [same re sexual intercourse with a child under the age of 14].)

In sum, certain sexually based offenses require a showing of only *general intent*, that is, the intent to commit an act "without reference to intent to do a further act or achieve a future consequence." (*People v. Atkins* (2001) 25 Cal.4th 76, 82 [104 Cal.Rptr.2d 738, 18 P.3d 660].) Other sex crimes, by contrast, require a showing of *specific intent*, meaning the intent to "do some further act or achieve some additional consequence." (*Ibid.*) "[R]ape (§ 261), sodomy (§ 286), and oral copulation (§ 288a) are all general intent crimes and, hence, contain no 'sexual gratification' specific intent element . . . ." (*People v. Whitham* (1995) 38 Cal.App.4th 1282, 1293 [45 Cal.Rptr.2d 571].) Lewd or lascivious conduct in violation of section 288, subdivision (a), on the other hand, requires "the *specific intent* of arousing, appealing to, or gratifying the lust of the child or the accused." (*People v. Raley, supra*, 2 Cal.4th at p. 907, italics added.)

No evidence was presented to the jury, or reviewed by the trial court, shedding any light on the facts underlying defendant's Nebraska offense. Although the trier of fact was entitled to examine and consider the entire record of the prior conviction (*People v. Avery* (2002) 27 Cal.4th 49, 53 [115 Cal.Rptr.2d 403, 38 P.3d 1]), the only evidence the People introduced to prove the prior conviction was People's exhibit No. 4, which included the Nebraska information charging defendant with sexual contact with a child, a list of potential witnesses to the crime, the clerk's transcript indicating defendant's plea of no contest, and his sentence of three to five years in prison, less applicable credits. This evidence proved nothing more than the least adjudicated elements of the crime (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261–262 [70 Cal.Rptr.2d 334, 949 P.2d 31]); certainly no evidence was presented indicating defendant committed rape, oral copulation, sodomy, or

any other sex crime for which only general intent need be shown. Defendant's conduct may have been limited to "the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts" under circumstances that could be "reasonably construed as being for the purpose of sexual arousal or gratification of either party." (Neb. Rev. Stat., § 28-318(5).) Were that the case, as we have explained, without a finding defendant acted with specific lewd intent, his behavior in Nebraska would not have constituted a violation of section 288 or, indeed, of any California criminal statute defining a felony. The Court of Appeal below agreed, concluding that "[d]efendant is correct that the Nebraska statute does not have the same specific intent requirement as . . . section 288, subdivision (a)."

The appellate court nevertheless concluded defendant's felony conviction in Nebraska qualified as a serious felony conviction under section 1192.7(c)(6) because "the minor would reasonably construe the touching as sexual" and thus the act "would always be harmful and improper." We disagree. Such a touching in the abstract, which involves no definite or specific sexual act, no penetration, and not even necessarily an awareness by the victim that he or she was touched, does not qualify as one of the proscribed touchings that, according to *Murphy*, are "*always* harmful and improper" and are a felony in this state on a showing of general intent only. (*Murphy, supra,* 25 Cal.4th at p. 147.) As we explained in *People v. Martinez, supra,* 11 Cal.4th at page 450, "[i]t is common knowledge that children are routinely cuddled, disrobed, stroked, examined, and groomed as part of a normal and healthy upbringing. On the other hand, any of these intimate acts may also be undertaken for the purpose of sexual arousal. Thus, depending upon the actor's motivation, innocent or sexual, such behavior may fall within or without the protective purposes of section 288." The acts underlying defendant's Nebraska crime may have been of this type. Absent a statutory mandate requiring the trier of fact to find defendant acted with specific lewd intent, his acts—albeit felonious in Nebraska—would not necessarily constitute a felony in this state. So far as the record indicates, defendant did not commit an act the *character* of which is always considered harmful to children and that would be a crime in this state even in the absence of specific intent.

Relying on *Murphy, supra,* 25 Cal.4th at page 145, the People contend that, even if the actions underlying defendant's prior conviction in Nebraska would not come within a particular felony statute in this state, his behavior nevertheless contains all of the elements of *the conduct* specified in section 1192.7(c)(6), namely, a "lewd or lascivious act on a child under the age of 14 years." Because section 1192.7(c)(6) describes conduct rather than "discreet

felony offenses," the People argue, "it is immaterial whether a prior conviction lacks the specific intent present in section 288, subdivision (a), *or otherwise amounts to any other discrete California felony offense.*" (Italics added.)

To the extent the People suggest defendant's Nebraska crime can qualify as a serious felony under section 1192.7(c) despite lacking all the elements of a qualifying California felony, they are mistaken. As noted, for purposes of the three strikes law, to count as a strike, a prior foreign criminal conviction must be for an offense that, had it been committed in California, would have been a felony. (§ 667, subd. (d)(2); see also § 18 [felonies are punishable by imprisonment in state prison].) Nor does *Murphy, supra,* 25 Cal.4th 136, hold otherwise. We nowhere suggested in *Murphy* that conduct qualifying as a serious felony under the law need not be *felonious* conduct.

*People v. Equarte* (1986) 42 Cal.3d 456 [229 Cal.Rptr. 116, 722 P.2d 890], cited by the *Murphy* court in support, similarly fails to support the People's argument. In that case, we addressed whether the defendant's present crime, assault with a deadly weapon in violation of section 245, subdivision (a)(1), qualified as a serious felony. Although that offense is not specifically listed as a serious felony in section 1192.7(c), the trial court had ruled it was such because the defendant used a deadly weapon, thereby coming within section 1192.7(c)(23): "any felony in which the defendant personally used a dangerous or deadly weapon." The defendant in *Equarte* argued this latter description referred only to crimes in which a deadly weapon enhancement—section 12022, subdivision (b)—had been pleaded and proven.

This court disagreed. In addition to listing specific crimes, we explained, section 1192.7 also described certain criminal conduct deemed sufficiently serious to warrant additional criminal sanctions. In support, we highlighted two categories of serious felonies set forth in section 1192.7 that do not directly correspond to specific crimes: residential burglary (§ 1192.7(c)(18))[6] and furnishing certain drugs to minors (§ 1192.7(c)(24)). (*People v. Equarte, supra,* 42 Cal.3d at p. 464.) Like those categories, we stated, use of a deadly weapon in connection with some other felony, whether or not charged as an

---

[6] At the time the defendant in *Equarte* committed his crimes, section 1192.7(c)(18) included in the definition of a "serious felony" a "burglary of a residence." (Prop. 8, as approved by voters, Primary Elec. (June 8, 1982).) Proposition 21, which passed on March 7, 2000, amended section 1192.7(c)(18) to read: "any burglary of the first degree." (See *People v. Garrett* (2001) 92 Cal.App.4th 1417, 1420–1421 [112 Cal.Rptr.2d 643].)

enhancement under section 12022, may be found to constitute a serious felony if the prosecutor properly pleads and proves that the defendant personally used such a weapon in the commission of the offense. (*Equarte*, at p. 465.) But we nowhere held that use of a deadly weapon, in connection with conduct not otherwise a felony, would also constitute a serious felony under section 1192.7(c). Moreover, the two examples of criminal conduct—residential burglary and furnishing drugs to a minor—were clearly criminal conduct.

■ In short, nothing in *Murphy*, *supra*, 25 Cal.4th 136, or in *People v. Equarte*, *supra*, 42 Cal.3d 456, supports the proposition that conduct or behavior not amounting to a felony if committed in California could nevertheless qualify as a serious felony under section 1192.7(c).

■ The People also contend that because the Nebraska law prohibits touching a child in a manner that can be "reasonably construed" as done with a sexual motive, "the victim is more likely to be aware of [the] sexual purpose" of such a touching and will be harmed more by such a touching than by a violation of section 288, subdivision (a), "which can be effectuated through a touching that is objectively no different than the 'cuddling' associated with a 'normal and healthy upbringing.' " Even if the People were correct, a point we need not resolve here, we cannot conclude defendant's prior conviction in Nebraska is a qualifying serious felony unless it meets the criteria set forth by our Legislature or by the electorate, having exercised the initiative power. Because no evidence was presented to prove defendant committed a crime in Nebraska that contains all of the elements of a felony in California that would qualify as a "serious felony" under section 1192.7(c), he was not properly subject to a serious-felony sentence enhancement under section 667, subdivision (a). In addition, the Court of Appeal erred in finding defendant's prior Nebraska conviction would, on remand, render him vulnerable to sentencing under the three strikes law.

CONCLUSION

The Court of Appeal's decision reversing the trial court's finding that defendant was a habitual sexual offender under section 667.71, and its decision affirming defendant's three convictions for violating section 288, subdivision (a), were not included in this court's limitation of the issues and are therefore unaffected by our decision today. The judgment of the appellate court affirming imposition of the five-year serious-felony sentence enhancement under section 667, subdivision (a), as well as its implicit conclusion that

defendant's prior Nebraska conviction rendered him eligible, on remand, to be sentenced under the three strikes law, are reversed, and the case is remanded for further proceedings consistent with the views expressed herein.

George, C. J., Kennard, J., Chin, J., and Moreno, J., concurred.

**BAXTER, J.,** Concurring.—We granted review to decide when a prior out-of-state conviction constitutes a "lewd or lascivious act on [an underage] child" for serious felony sentencing purposes (Pen. Code, § 1192.7, subd. (c)(6))[1]—a category that includes sexually motivated touching (§ 288, subd. (a) (section 288(a))) and sexual penetration. (See *People v. Murphy* (2001) 25 Cal.4th 136, 141–149 [105 Cal.Rptr.2d 387, 19 P.3d 1129].) I agree with the majority that qualifying foreign convictions must contain "all of the elements" of such a serious felony in California. (§ 667, subds. (a)(1), (d)(2).) Plainly, the latter requirement excludes conduct that is not lewd, lascivious, and felonious because it either lacks sexual intent or is not inherently sexual in nature.

I am less sanguine about the majority's conclusion that the Nebraska lewd touching statute under which defendant was previously convicted lacks the same mens rea as section 288(a), California's comparable law. (*Ibid.* [requiring specific intent to arouse or gratify sexual desires of defendant or victim]; see *People v. Martinez* (1995) 11 Cal.4th 434, 444–445 [45 Cal.Rptr.2d 905, 903 P.2d 1037].) As explained below, the Nebraska statute may reasonably be interpreted to require actual sexual intent. Moreover, the majority fails to persuade me that the Nebraska courts have directly confronted the issue and squarely rejected actual sexual intent as an element of the Nebraska offense. Contrary to what the majority seems to imply, several states have lewd touching laws like Nebraska's. Hence, the present case may have the unintended effect under California's sentencing scheme of treating *many* recidivist child molesters as first time offenders, an issue the Legislature may wish to address.

Nevertheless, I am not willing to subject this defendant to serious-felony consequences without greater certainty under Nebraska law of the requirements for violating that state's lewd touching statute. I therefore reluctantly concur in the outcome of the majority opinion.

---

[1] All unlabeled statutory references are to the Penal Code.

## DISCUSSION

Three years before he committed the present crimes against his three-year-old stepdaughter, defendant was convicted under Nebraska Revised Statutes section 28-320.01 (1995) of felony "sexual contact" with another stepdaughter, who was then four years old. At that time, and as pertinent here, Nebraska Revised Statutes section 28-318(5) defined "sexual contact" between an adult and underage victim as the "intentional touching" of "sexual or intimate parts," whether clothed or unclothed, where the act "can be reasonably construed as being for the purpose of sexual arousal or gratification of either party." The majority insists that a statutory violation occurs where the defendant "intend[ed] to touch the victim" under circumstances which could be " '*reasonably construed*' " as sexual, and that the act need not be performed "for any particular purpose" or "with any specific intent." (Maj. opn., *ante*, at p. 553.) Under this view of the Nebraska law, the defendant's actual intent to achieve sexual arousal is not an element, and the proscribed touching is criminal if it objectively seems lewd to an outside observer.

I am not persuaded that this construction is compelled by the statutory language "on its face." (Maj. opn., *ante*, at p. 553.) Nor has the Nebraska Supreme Court held that "proof of specific lewd intent" is unnecessary under Nebraska Revised Statutes section 28-318(5). (Maj. opn., *ante*, at p. 554.) Indeed, defendant candidly states in supplemental briefing solicited by this court that no Nebraska decision "specifically considers" the issue. An examination of the two provisions and relevant case law suggests that Nebraska's lewd touching statute may, in fact, contain the same mental state requirement as California's version of the crime.

One plausible view of the "reasonably construed" language is simply that it allows the jury to *infer* actual sexual intent from circumstantial evidence. The legislative purpose may only have been to ensure that the fact finder need not accept the defendant's disclaimers of sexual purpose where it is otherwise clear he actually had that intent. However, by entirely excising such an intent requirement from the statute, the majority's construction would preclude either side from litigating the issue. It would insulate from conviction those defendants who intentionally touch a child's private parts under objectively innocuous circumstances (e.g., relatives and caretakers), but who actually possess harmful lewd intent. The majority offers no evidence that Nebraska lawmakers desired that result.

As judicially construed, Nebraska Revised Statutes section 28-318(5) sounds more like a specific intent, than a general intent, provision. Though

not fully explored by the majority, Nebraska cases have said that the prohibited act must be committed "for the purpose of sexual gratification," with no suggestion that the defendant's true state of mind is irrelevant to this determination. (*State v. Max* (1992) 1 Neb.App. 257, 265 [492 N.W.2d 887, 893] [allowing expert evidence on penile nature of anal contact to prove sexual purpose]; accord, *State v. Styskal* (1992) 242 Neb. 26, 30 [493 N.W.2d 313, 317] [allowing evidence of prior touchings of victims' private parts during dental examinations to prove that "purpose" and "intent" of subsequent similar act was "for sexual arousal and gratification"].)

No Nebraska Supreme Court case cited by the majority clearly supports its contrary view. In *State v. Berkman* (1988) 230 Neb. 163 [430 N.W.2d 310], for instance, the defendant caressed and kissed his girlfriend's 13-year-old daughter, and rubbed her breasts and vaginal area for over a minute. On appeal, the defendant claimed the evidence was insufficient to support his lewd touching conviction because he lacked the requisite intent. The Nebraska high court rejected the claim. The court emphasized that "[t]he intent with which an act is committed is a mental process and may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident." (*Id.* at p. 166 [430 N.W.2d p. 313].) According to the court, the intimate nature of the touching raised a strong inference that it was "intentional and for the purpose of [the defendant's] sexual arousal or gratification." (*Id.* at p. 167 [430 N.W.2d at p. 313].) Nothing in this description of the statute suggests sexual purpose and intent are unnecessary or irrelevant in proving guilt.

The foregoing authorities can be read to suggest that Nebraska Revised Statutes section 28-318(5) requires actual sexual intent, as "reasonably" inferred from all the circumstances by the trier of fact. Indeed, this court has described section 288(a), including the requisite mental state, in language strikingly similar to that used by the Nebraska courts. Section 288(a) prohibits any sexually motivated contact with an underage child. (*People v. Martinez, supra,* 11 Cal.4th 434, 444–445.) We have said that, in determining guilt beyond a reasonable doubt, the fact finder " 'looks to all the circumstances, including the charged act, to determine whether it was performed with the required specific intent.' " (*Id.* at p. 445.) Likewise, a particular touching is made criminal in California "by reference to the actor's intent as inferred from all the circumstances." (*Id.* at p. 450.) I see no clear sign that Nebraska and California have construed their lewd touching statutes differently with respect to the mental state needed to commit the crime.

The majority's reliance on *Michigan* law, which defendant cites in his supplemental briefing, arguably adds little to the analysis. Like Nebraska, Michigan criminalizes any "intentional touching" between an adult and underage child of "intimate parts," whether or not clothed, if the act "can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or [done] in a sexual manner . . . ." (Mich. Comp. Laws, § 750.520a(n).) The majority cites two intermediate court decisions for the proposition that the Michigan statute describes " 'a general intent crime,' " and that " 'a defendant's specific intent is not at issue.' " (Maj. opn., *ante*, at p. 555, quoting *People v. Piper* (1997) 223 Mich.App. 642, 646 [567 N.W.2d 483, 485]; see *People v. Fisher* (1977) 77 Mich.App. 6, 13 [257 N.W.2d 250, 254].) However, even assuming these principles and authorities are well established in Michigan, they have never been cited or used by the Nebraska courts in interpreting the mental state requirements of their own law. As noted earlier, Nebraska courts have instead described the lewd touching statute in terms echoing those this court has used under section 288(a).

Moreover, the majority fails to observe that Michigan does not have the only lewd touching law similar to Nebraska's. Several other states also ban "intentional touching[s]" of "intimate" parts that can "reasonably" be "construed" as having a sexual purpose. (E.g., Md. Crim. Code Ann., § 3-301(f); N.H. Rev. Stat. Ann., § 632-A:1(IV); R.I. Gen. Laws, § 11-37-1(7); Tenn. Code Ann., § 39-13-501(6).) Defendant cites no decision from any of these jurisdictions, and I am aware of none, concluding that specific or actual intent is not an element of these crimes. In addition, two high court decisions from other states have resisted such an interpretation under former sexual touching laws similar to Nebraska's current statute. (*State v. Wield* (2003) 2003 WIApp 179 [266 Wis.2d 872, 880–882 & fn. 5, 668 N.W.2d 823, 827–829 & fn. 5] [sentencing case equating former and current versions of statute requiring sexual purpose, even though former version said such purpose must "reasonably be construed" as sexual]; *State v. Tibbetts* (Mn. 1979) 281 N.W.2d 499, 500 [instructional case invalidating "reasonably be construed" language appearing in former version of statute because it undermined reasonable doubt standard].) Against this backdrop, the majority arguably overstates the significance of Michigan law in deciphering Nebraska law.

In light of the foregoing, I have serious reservations about the majority's conclusion that defendant's prior Nebraska conviction lacks all of the elements of a lewd act amounting to a serious felony under section 1192.7, subdivision (c)(6). Nebraska statutory and decisional law suggest the opposite may be true.

That said, I am reluctant to uphold a serious-felony determination based on a prior foreign conviction where the courts in that particular state have not precisely defined each element of the crime. The consequences at stake, here and in other cases, include application of both the five-year serious-felony enhancement (§ 667, subd. (a)), and the three strikes law (*id.*, subds. (b)–(i)). Before any California court decides that a foreign conviction qualifies as a serious felony for such sentencing purposes, it should be more certain than I am now that the requisite congruity exists. On that basis, I join the majority in reversing the Court of Appeal judgment insofar as it reaches a contrary result.

Corrigan, J., concurred.

On September 20, 2006, the opinion was modified to read as printed above.