Filed 10/30/14  P. v. Bodkin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049005 |
| v. | (Super. Ct. No. 11WF1947) |
| GORDON RAY BODKIN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed as modified with directions.

Rodger P. Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Gordon Ray Bodkin of sexual intercourse with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (a); count 1; all statutory citations are to the Penal Code) and sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b); count 2). Bodkin contends the convictions are not supported by substantial evidence, the trial court erred by failing to instruct the jury sua sponte on the lesser offense of lewd acts on a child (§ 288, subd. (a)), and the court erred by failing to impose and stay the sentence (§ 654) on the sexual penetration count. For the reasons expressed below, we modify the judgment to stay a 30-years-to-life term for sexual penetration and affirm in all other respects.

I

FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2011, four-year-old Jane Doe's grandmother arranged for her 45-year-old twin brother Bodkin, to babysit until Doe's father returned home from work. The father arrived home early and found Bodkin in a back bedroom naked from the waist down on his knees and straddling Doe, who was on the bed, naked and on her back. Doe's father saw Bodkin's penis, but could not determine what he had been doing. Bodkin immediately got up, put his pants on, and left the house. Doe's father saw redness on Doe's vaginal area. Doe went to the restroom a few times, including the night of the incident and the next morning, and cleaned up after herself.

A pediatric nurse practitioner examined Doe the following day. The nurse found no evidence of trauma, but stated this was common in sexual abuse cases. The nurse noted the hymen can stretch and return to normal, even in prepubescent girls. Swabs taken from Doe's vulva and vestibule (anterior to the labia majora) contained a

2

small amount of Bodkin's sperm. A forensic scientist testified a fluid such as semen can be transmitted by wiping.

Obstetrician and gynecologist Earl Fuller testified as a defense expert. If Bodkin's penis penetrated into Doe's vagina, he would expect to see a large amount of tearing in the hymenal ring: "You can't put 35 to 40 millimeters of an erection through a 4 millimeters opening in a prepubertal child who has no estrogen . . . ." "The tissues there are about 3 to 4 cells thick, and they are very susceptible to damage. And you will tear easily, very easily. Even a finger could tear it. So if she didn't have any tearing she was not penetrated through the hymenal ring."

II

DISCUSSION

A. *Substantial Evidence Supports Bodkin's Convictions for Sexual Intercourse and Penetration of a Child under 10 Years Old*

Bodkin contends there is insufficient evidence of penetration to support the convictions. We disagree.

Section 288.7, subdivision (a), charged in count one, provided, "Any person 18 years of age or older who engages in sexual intercourse or sodomy with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life." Section 288.7, subdivision (b), charged in count two, provided, "Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life." Section 289, subdivision (k)(1), defines sexual penetration as "the act of causing the penetration, however slight,

3

of the genital or anal opening of any person or causing another person to so penetrate the defendant's or another person's genital or anal opening for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object." For both statutes, sexual penetration refers to contact with structures beyond the labia majora. (*People v. Dunn* (2012) 205 Cal.App.4th 1086, 1097 ["Sexual intercourse" as required for the offense of sexual intercourse with child 10 years old or younger requires only penetration of the victim's labia majora, not her vagina]; *People v. Quintana* (2001) 89 Cal.App.4th 1362, 1364, 1367, 1371 [definition of "sexual penetration" in section 289 refers to penetration of the labia majora, rather than penetration of the vagina]; *People v. Karsai* (1982) 131 Cal.App.3d 244, 232 [defendant's act of pushing his penis between the lips of the victim's vagina was sufficient to meet penetration requirement].)

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence – that is, evidence that is reasonable, credible, and of solid value – from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) The question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319.) Reversal of the judgment is not warranted even though the evidence might support a contrary finding. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) As long as there is a hypothesis supported by sufficient substantial evidence, the conviction will be upheld. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Bodkin argues there was no substantial evidence to demonstrate he penetrated Doe. "[Doe's father] . . . was unable to ascertain if appellant had been doing anything with [his penis]. He also was unable to see [Bodkin's] hands. . . . [The] pediatric nurse . . . was unable to discern any trauma . . . or detect any indication [Doe] had been sexually abused. . . . [T]he prosecution's forensic expert, was unable to testify that [] Doe had been sexually abused. . . . [¶] It is only by way of conjecture that one could conclude that [Bodkin] engaged in sexual intercourse with [] Doe. . . . There was an alternate explanation for the presence of the [one nanogram] of semen in [] Doe's vestibule. The experts uniformly agreed that a fluid such as semen could be transposed or transferred by wiping, and [] Doe's father confirmed that she wiped herself and went to the bathroom at least twice after his discovery of her and [Bodkin] in the bedroom. Hence, if [] Doe had sperm on her when she went to the bathroom – and she likely would have if [Bodkin] indeed had masturbated on her – she might have transmitted that amount to her vestibule."

While the absence of trauma to Doe's hymen could indicate Bodkin's penis did not pass into her vagina, the sperm on Doe's vestibule, the area between the labia minora and the hymen, supports the jury's conclusion his penis passed Doe's labia majora, which constitutes penetration under the law. Doe's father saw a naked Bodkin straddling his daughter. The outside of her vagina was red, which supports an inference Bodkin sexually molested Doe. The jury reasonably could conclude penetration, as defined by the law, occurred.

B.   *Lesser Included Offenses*

Bodkin next argues the trial court erred by failing to instruct the jury on the lesser offense of lewd acts on a child as defined in section 288, subdivision (a).  A trial court must instruct on the general principles of law relevant to the issues raised by the evidence, including instructions on lesser included offenses when the evidence suggests all of the elements of the charged offense are not present and there is substantial evidence to support the lesser included offense.  (*People v. Breverman* (1998) 19 Cal.4th 142, 154.)  An uncharged offense is included in a greater charged offense if the greater offense, as defined by statute, cannot be committed without also committing the lesser (the elements test), or the language of the accusatory pleading encompasses all the elements of the lesser offense (the accusatory pleading test).[1]  (*People v. Parson* (2008) 44 Ca1.4th 332, 349.)  We apply the independent standard of review.  *(People v. Waidla* (2000) 22 Cal.4th 690, 733.)

Section 288, subdivision (a), provides, "any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ."  Section 288, subdivision (a), is a specific intent crime. *(People v. Warner* (2006) 39 Cal.4th 548, 556.)  It requires the specific intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child.  *(People v. Raley* (1992) 2 Cal.4th 870, 907.)

---

[1]      Here, the charges contained in the information largely mirror the statutory language and the accusatory pleading test does not yield a different result than the elements test.

Intercourse or penetration with a sexual organ, as defined under section 288.7, subdivision (a), is a general intent crime, and can be committed without the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child. Because section 288.7, subdivision (a), can be committed without violating section 288, subdivision (a), the trial court had no duty to instruct sua sponte on lewd acts as a lesser included offense of count one.

Sexual penetration with something other than a sexual organ, as defined under section 288.7, subdivision (b), requires penetration "for the purpose of sexual arousal, gratification, or abuse . . . ." (§ 289, sub. (k)(1).) The Attorney General argues that "Although in this instance both [section 288.7, subdivision (b), and section 288, subdivision (a)] are specific intent crimes, the intent is sufficiently different between the two offenses so that one would not necessarily commit the lesser offense when committing the greater. The intent required for sexual penetration includes, 'for the purpose of . . . . abuse.' (Cal. Penal Code, § 289, subd. (k); *People v. Senior* (1992) 3 Cal.App.4th 765, 776.) Penal Code section 288, subdivision (a) does not include the intent to abuse. Thus, one could commit an act of penetration on a minor with intent to abuse but would not necessarily commit a lewd act on a child at the same time. Because the greater can be committed without committing the lesser, Penal Code section 288, subdivision (a) is not a lesser included offense of section 288.7, subdivision (b). Consequently, the trial court had no obligation to provide the instruction."

We agree with the Attorney General. Section 288.7, subdivision (b) can be committed for the purpose of abuse, and that would not violate section 288, subdivision (a). Because section 288.7, subdivision (b), can be committed without violating section

288, subdivision (a), the trial court did not have a duty to instruct sua sponte on lewd acts as a lesser included offense of count two.

Bodkin replies even if the Attorney General is correct, the trial court has a duty to instruct on "defenses that are closely and openly connected with the evidence and necessary for the jury's understanding of the case," and "defense counsel's argument was that the evidence supported [Bodkin]'s position that he masturbated on Jane Doe but did not penetrate her. The offense which he admitted committing certainly was a defense as being a lesser offense to the offenses of which he was charged, and it was closely and openly connected with the case." A lesser, nonincluded offense is not a defense. The trial court may not instruct on lesser, nonincluded offenses unless the parties agree to the instructions. (*People v. Birks* (1998) 19 Cal.4th 108, 136 [according the defendant power to insist over the prosecution's objection that uncharged, nonincluded offenses be placed before the jury usurps the prosecution's exclusive charging discretion], overruling *People v. Geiger* (1984) 35 Cal.3d 510.) If the jury had a reasonable doubt whether Bodkin penetrated Doe, its duty was to acquit him of violating section 288.7. In any event the jury was not faced with an "all or nothing" verdict as the court provided instructions for assault, battery, and attempts on each offense.[2]

---

[2] Bodkin also argues trial counsel was ineffective for failing to request instructions on the lesser offenses. Nothing suggests the prosecutor would have agreed to instructions on lesser, nonincluded offenses, and we perceive no other legal basis for requesting the instruction. Bodkin has not met his burden to show that counsel was ineffective or that he was prejudiced by any omission. (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 692-694.)

C.  *Sentence for Count 2*

The parties agree the trial court erred in failing to impose and stay (§ 654) a term for the section 288.7, subdivision (b), sexual penetration conviction charged in count 2.  (See *People v. Alford* (2010) 180 Cal.App.4th 1463, 1466 [when a trial court determines that § 654 applies to a particular count, the trial court must impose sentence on that count and then stay execution of that sentence].)  The parties agreed in the trial court Bodkin could not be punished separately on both convictions because they arose from one act.  The trial court agreed section 654 applied.  The court imposed a term of 50 years to life for count one (25 years to life doubled because Bodkin suffered a strike prior), and added a five-year serious felony enhancement under section 667, subdivision (a).  The court stated sentence on count two would be stayed pursuant to section 654.  There are two abstracts of judgment.  One reflects the sentence imposed for count one.  The second reflects the court stayed a term on count two but does not specify the term.

The court failed to impose and stay the term for count 2.  Because the only possible term for Bodkin's conviction for violation of section 288.7, subdivision (b), as charged in count 2 of the information is a term of 30 years to life (15 years to life doubled because of Bodkin's prior strike conviction), we will modify the judgment (§ 1260) to impose that term, and direct a stay pursuant to section 654.

9

### III

#### DISPOSITION

The judgment is modified to impose a term of 30 years to life for violation of section 288.7, subdivision (b), as charged in count 2 of the information, which is stayed pursuant to section 654. The trial court is directed to prepare a corrected abstract of judgment and to forward a copy to the Department of Corrections and Rehabilitation.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.