Filed 7/22/16  P. v. Littleton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>RAY ERNEST LITTLETON,<br><br>     Defendant and Appellant. | C078903<br><br>(Super. Ct. No. 12F1497) |

A jury found defendant Ray Ernest Littleton guilty of one count of oral copulation with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (b))[1] and five counts of lewd or lascivious acts upon a child under the age of 14 (§ 288, subd. (a)).  The trial court sentenced defendant to serve a total prison term of 31 years to life, consisting of an indeterminate term of 15 years to life for the oral copulation offense plus a determinate

---

[1]     Undesignated statutory references are to the Penal Code.

1

term of 16 years for the lewd or lascivious acts offenses. On appeal, defendant contends the trial court erred by failing to instruct the jury on the lesser included offense of attempted oral copulation with a child 10 years of age or younger. We conclude the trial court did not err because the offense of attempted oral copulation is not a lesser included offense of oral copulation. We affirm the judgment.

## DISCUSSION[2]

Defendant did not request, and the trial court did not give, a jury instruction on attempted oral copulation with a child 10 years of age or younger. However, defendant now contends the trial court had a sua sponte obligation to instruct the jury on this offense because it is a lesser included offense of oral copulation with a child 10 years of age or younger. We reject defendant's contention.

The elements of oral copulation with a child 10 years of age or younger (§ 288.7, subd. (b)) are: (1) The defendant engaged in an act of oral copulation with the victim; (2) when the defendant did so, the victim was 10 years of age or younger; and (3) at the time of the act, the defendant was at least 18 years old. (CALCRIM No. 1128.) Oral copulation is defined as any contact, no matter how slight, between the mouth of one person and the sexual organ or anus of another. Penetration of the mouth is not required. (*People v. Dement* (2011) 53 Cal.4th 1, 41-42.) Oral copulation is a general intent crime. (*People v. Warner* (2006) 39 Cal.4th 548, 557-558.)

A trial court has a sua sponte duty to instruct on all lesser included offenses supported by substantial evidence. The duty applies whenever there is evidence in the record from which a reasonable jury could conclude the defendant is guilty of the lesser,

---

**2**      We dispense with a detailed recitation of the facts as they are unnecessary to the resolution of this appeal. Instead, we discuss only the facts relevant to the issue on appeal.

2

but not the greater, offense. (*People v. Schockley* (2013) 58 Cal.4th 400, 403-404.) The instruction on a lesser included offense must be given when there is " ' "substantial evidence raising a question as to whether all of the elements of the charged offense are present." ' " (*People v. Cole* (2004) 33 Cal.4th 1158, 1215.) In this context, substantial evidence is "evidence that a reasonable jury could find persuasive." (*People v. Barton* (1995) 12 Cal.4th 186, 201, fn. 8.)

"[T]wo tests [are applied] in determining whether an uncharged offense is necessarily included within a charged offense: the 'elements' test and the 'accusatory pleading' test. [Citation.] The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater. [Citation.] In other words, ' " '[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " ' [Citations.] Under the accusatory pleading test, a lesser offense is included within the greater charged offense if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense." (*People v. Bailey* (2012) 54 Cal.4th 740, 748 (*Bailey*).)

"On appeal, we independently review whether a trial court erroneously failed to instruct on a lesser included offense. [Citation.]" (*People v. Trujeque* (2015) 61 Cal.4th 227, 271.)

We conclude the trial court did not err by not instructing the jury on a lesser included offense. "An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (§ 21a.) Accordingly, because attempted oral copulation with a child 10 years of age or younger is a specific intent crime whereas the completed crime is a general intent crime, the trial court was not obligated to instruct the jury on the attempt offense under the

elements test.  (*People v. Mendoza* (2015) 240 Cal.App.4th 72, 82-83 (*Mendoza*) ["Because of the different mental states required, a defendant could be guilty of the completed offense [of oral copulation with a child 10 years of age or younger] but not the attempt [of that crime]"]; see *Bailey*, *supra*, 54 Cal.4th at pp. 752-753 ["where the attempted offense includes a particularized intent that goes beyond what is required by the completed offense," it is not a lesser included offense]; *People v. Braslaw* (2015) 233 Cal.App.4th 1239, 1248-1249 (*Braslaw*) ["If the attempt requires a heightened mental state, as is the case with attempts of many general intent crimes, the attempt requires proof of an additional element and is therefore not a lesser included offense"]; *People v. Ngo* (2014) 225 Cal.App.4th 126, 156 ["when the completed offense is a general intent crime, an attempt to commit that offense does not meet the definition of a lesser included offense under the elements test because the attempted offense includes a specific intent element not included in the complete offense"].)

Nor was the trial court obligated to instruct the jury on the attempt offense under the accusatory pleading test.  A comparison of the accusatory pleading with the relevant statutory elements reveals the facts alleged in the pleading do not include all of the elements of the crime of attempted oral copulation with a child 10 years of age or younger.  Count 1 of the information alleges defendant "did willfully and unlawfully, being over the age of 18 years, participate in an act of oral copulation . . . of L.M. . . . who was then 10 years of age or younger."  Section 288.7, subdivision (b), provides: "Any person 18 years of age or older who engages in oral copulation . . . with a child who is 10 years of age or younger is guilty of a felony . . . ."  Accordingly, because the accusatory pleading tracks the statutory language defining the crime of oral copulation with a child 10 years of age or younger, and does not allege defendant had a specific intent to commit oral copulation with the victim or defendant engaged in any direct but

4

ineffectual act toward its commission, the trial court did not err in not instructing the jury on attempt to violate section 288.7, subdivision (b).  (*Mendoza, supra,* 240 Cal.App.4th at pp. 83-84; see *Braslaw*, *supra*, 233 Cal.App.4th at p. 1247 ["Where the accusatory pleading, as in this case, tracks the statutory language rather than reciting factual details of the offense, 'only the statutory elements test is relevant in determining if an uncharged crime is a lesser included offense of that charged' "].)

Defendant's reliance on *People v. Kelly* (1992) 1 Cal.4th 495, is misplaced. Defendant cites this case for the general proposition that "an attempt to commit a crime is a lesser included offense of the completed crime."  However, *Kelly* did not involve section 288.7, subdivision (b).  Further, as the *Braslaw* court explained, *Kelly* predated our Supreme Court's decision in *Bailey, supra,* 54 Cal.4th 740, *Kelly* did not apply the elements test set forth in *Bailey*, and *Kelly* did not engage in any analysis to establish the attempt offense in those cases was a lesser included offense of the completed crime. (*Braslaw, supra*, 233 Cal.App.4th at p. 1252.)  The *Braslaw* court also explained, "*Bailey* itself marginalizes *Kelly*, noting it does not stand for the proposition that any attempt is a lesser included offense and explaining " ' "[t]he law of 'attempt' is complex and fraught with intricacies and doctrinal divergences." ' " [Citation.]  Thus, even if *Kelly* 'applied the general principle that attempt is a lesser included offense of any completed crime' that principle is *not* applicable 'where the attempted offense includes a particularized intent that goes beyond what is required by the completed offense.' [Citation.]" (*Braslaw*, at p. 1252.)  We agree with the reasoning of *Braslaw*, and conclude the analytical framework in *Bailey* is controlling and compels the conclusion that attempted oral copulation with a child 10 years of age or younger is not a lesser included offense of the completed crime.

In sum, under either the elements test or the accusatory pleading test, the trial court did not err by not instructing the jury on a lesser included offense because attempted oral copulation with a child 10 years of age or younger is not a lesser included offense of the completed crime.

## DISPOSITION

The judgment is affirmed.

/s/

HOCH, J.

We concur:

/s/

BLEASE, Acting P. J.

/s/

ROBIE, J.