Filed 1/23/14  P. v. Caldwell CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B241106 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. YA079862) |
| RICARDO TRACY CALDWELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven R. Van Sicklen, Judge.  Affirmed.

Jeffrey J. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II, and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

A jury convicted Ricardo Tracy Caldwell of two counts of robbery and found true special allegations he had suffered two prior serious felony convictions within the meaning of the three strikes law and Penal Code section 667, subdivision (a)(1). The trial court dismissed one prior strike conviction in furtherance of justice and sentenced Caldwell to an aggregate state prison term of 18 years. Caldwell challenges his sentence, contending there is insufficient evidence his prior robbery convictions in Maryland qualified as serious felonies in California. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Caldwell was charged in an amended information with three counts of robbery (Pen. Code, § 211.)[1] It was specially alleged Caldwell had suffered two prior convictions in Maryland for serious or violent felonies (robbery with a deadly weapon) within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). One of the prior convictions was alleged to be a serious felony within the meaning of section 667, subdivision (a)(1). Caldwell pleaded not guilty and denied the special allegations.

At trial the People presented evidence that on November 14, 2010 Caldwell reached across a cashier's counter at a retail store and stole $260 to $300 from the cash register, overpowering the store employee who had grabbed Caldwell's wrist in an unsuccessful effort to prevent him from taking the money (count 1). On December 20, 2010 Caldwell returned to the same store and reached over a different cashier's desk to grab money from the register, once again physically overcoming the store employee's efforts to stop him (count 3). Both store employees testified they were afraid of Caldwell at the time of the offenses.

In the same proceeding the People submitted certified documents from the Maryland trial court showing (1) Caldwell had pleaded guilty to robbery with a deadly weapon in Maryland on November 9, 1977 and was sentenced to an aggregate state prison term of four years six months; and (2) Caldwell had pleaded guilty to robbery with

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

2

a dangerous weapon on January 26, 1981 and was sentenced to an aggregate state prison term of 10 years for that offense.

The jury convicted Caldwell on counts 1 and 3[2] and found true he had suffered the two alleged prior convictions in Maryland. The court struck one prior conviction in furtherance of justice (§ 1385, subd. (a)) and sentenced Caldwell to an aggregate state prison term of 18 years.[3]

## DISCUSSION

1. *Governing Law*

A defendant who has suffered a prior conviction for a serious or violent felony is subject to sentencing under the three strikes law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) Similarly, a defendant who has been convicted of a serious felony and has suffered a prior conviction for a serious felony is subject to a mandatory five-year sentence enhancement for each prior serious felony conviction that was brought and tried separately. (§ 667, subd. (a)(1).) Prior convictions from other jurisdictions may qualify for similar treatment provided certain requirements are met: Specifically, a prior out-of-state felony conviction may qualify as a strike if the foreign offense includes "all of the elements" of the particular felony in California and that felony is identified under California as a serious felony (§ 1192.7, subd. (c)) or a violent felony (§ 667.5, subd. (c)). (See §§ 667, subd. (d)(2); 1170.12, subd. (b)(2); *People v. Warner* (2006) 39 Cal.4th 548,

---

[2]     The amended information also charged Caldwell with a robbery on December 4, 2010. The jury acquitted Caldwell of that offense, as well as the lesser-included larceny offense.

[3]     Caldwell's sentence consisted of the middle term of three years on count 1, doubled under the three strikes law, plus one year (one-third the middle term) on count 2, doubled under the strikes law, plus two five-year enhancements for each prior serious felony conviction found by the jury to be true. (§§ 667, subd. (a)(1), 1385, subd. (b) [court may not strike a prior serious felony conviction for purposes of § 667 enhancement]). Caldwell did not object in the trial court and does not argue on appeal it was improper to apply two section 667, subdivision (a), five-year enhancements when only one prior serious felony conviction was specifically alleged under that code section. (Both prior Maryland convictions were alleged in the information to constitute serious felonies under the three strikes law.)

552-553.)  Similarly, a prior felony conviction from another jurisdiction may be used to support a sentence enhancement under section 667, subdivision (a)(1), if the out-of-state offense "includes all of the elements" of a serious felony as defined in California.  (§ 667, subd. (a)(1); *Warner,* at p. 553.)

It is the conduct that comprises the out-of-state offense that matters, not the label the foreign jurisdiction gives the offense.  (See *People v. McGee* (2006) 38 Cal.4th 682, 691 ["a conviction from another jurisdiction must involve conduct that would qualify as a serious" or in the case of the three strikes law, violent, felony in California]; *People v. Avery* (2002) 27 Cal.4th 49, 52 [same].)  In determining whether a prior out-of-state felony conviction qualifies as a serious or violent felony in California, the trier of fact may look to the entire record of conviction, but no further.  When the record does not disclose the facts of the offense actually committed, the court must presume the prior conviction was for the least offense punishable under the foreign law.  (*People v. Guerrero* (1988) 44 Cal.3d 343, 352; *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1116-1117.)

### 2. *The Court Did Not Err in Concluding Caldwell's Prior Maryland Convictions Qualified as Serious Felonies*

Robbery is classified as both a serious and a violent felony in California.  (See §§ 1192.7, subd. (c)(19) [serious felony]; 667.5, subd. (c)(9) [violent felony].)  In asserting his prior Maryland convictions for robbery with a dangerous weapon do not qualify as serious or violent felonies for purposes of the three strikes law or as serious felonies for purposes of section 667, subdivision (a)(1), Caldwell asserts the elements of robbery under Maryland law are more expansive than in California:  In California robbery is limited to the "'felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear'" (*People v. Williams* (2013) 57 Cal.4th 776, 786-787; § 211), while in Maryland robbery may include not only theft of property by force or fear, but also theft of services by force or fear (Md. Code, Crim. Law, § 3-401, subd. (e)). Since no facts concerning the conduct constituting the underlying convictions were introduced into

4

evidence for the jury to consider, Caldwell argues we must find he was convicted for the least offense possible, theft of services by force or fear, which would not constitute a robbery under California law.

a. *The finding that Caldwell's prior convictions were serious felonies under California law was made by the court, not the jury*

At the threshold, both Caldwell and the People erroneously presume we review the jury's finding the Maryland robberies qualified as strikes or sentencing enhancements. The jury found Caldwell had twice been convicted in Maryland of robbery with a deadly weapon, once in 1977 and again for a separate offense in 1981. It did not find, and was not asked to consider, whether the Maryland offense included all the elements and conduct of robbery as defined by California law.[4] That determination, requiring a comparative analysis of the elements of the offense in California and in the foreign jurisdiction, is a legal question for the trial court. (See *People v. McGee, supra,* 38 Cal.4th at pp. 703, 706 [when elements of offense differed in California and in Nevada where defendant was convicted, question whether prior out-of-state conviction qualified as serious felony is "a legal determination of the nature of defendant's *prior convictions* as established by the record of the prior criminal proceedings"; "[t]his is an inquiry that is quite different from the resolution of the issues submitted to a jury, and is one more typically and appropriately undertaken by a court"].)

---

[4]     The jury was instructed, "If you find the defendant guilty of a crime, you must also decide whether the People have proved the additional allegation that the defendant was previously convicted of other crimes. It has already been determined that the defendant is the person named in the exhibits and testimony relating to the events which occurred in the State of Maryland. [¶] The People allege that the defendant has been convicted of: [¶] 1. A violation of Criminal Code section 3-401, Robbery with a Deadly Weapon, on 11/9/77, in the State of Maryland, in Case Number 17709128. [¶] And [¶] 2. A violation of Criminal Code section 3-401, Robbery with a Deadly Weapon, on 1/26/81, in the State of Maryland, in Case Number 28100215. [¶] Consider the evidence presented on this allegation only when deciding whether the defendant was previously convicted of the crimes alleged. Do not consider this evidence as proof that the defendant committed any of the crimes with which he is currently charged or for any other purpose. [¶] You must consider each alleged conviction separately. The People have the burden of proving each alleged conviction beyond a reasonable doubt. . . ."

Here, prior to submitting evidence of Caldwell's prior convictions to the jury, the court found the offenses, if they had been committed, qualified as violent and or serious felonies under California law. We review that legal determination de novo. (*People v. McGee, supra,* 38 Cal.4th at p. 706.)

### b. *The elements of robbery under the relevant Maryland law and California law are identical*

Caldwell's contention Maryland's definition of robbery is more expansive than California's is legally flawed. At the time Caldwell suffered his convictions in Maryland in 1977 and 1981, robbery in that jurisdiction was defined by common law as "'the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence, or by putting him in fear.'" (*Darby v. State* (Md. App. 1968) 239 A.2d 584, 588; see *Coles v. State* (Md. 2003) 821 A.2d 389, 394 [prior to passage of legislation in October 2000, robbery in Maryland defined by common law].) Those elements identified in the Maryland common law are identical to each of the elements comprising a robbery offense in California. (*People v. Williams, supra,* 57 Cal.4th at pp. 786-787.) The language Caldwell cites—"obtaining the service of another by force or threat of force"—was not part of Maryland law until October 2000 when the Maryland legislature revised section 486 of its criminal code to codify and augment the common law definition of robbery. (*Coles,* at p. 394 ["[t]he revised section 486 retains robbery's judicially determined meaning, and adds, 'obtaining the service of another by force or threat of force'"]; Md. Ann. Code, Art. 27, § 486 (1957, 1996 Repl. Vol., 2000 Supp].)[5]

Any notion that obtaining services by force or fear was encompassed by the common law definition of robbery, applicable at the time of Caldwell's convictions, is also dispelled by the language of Maryland's robbery statute codifying and augmenting

---

[5] Prior to 2000, former section 486 of Article 27 of the Maryland Code stated the penalty for robbery without defining or identifying the elements of that offense. It was substantially amended in 2000 to include the current elements of a robbery offense and then repealed and recodified in 2002 without substantive change as section 3-401 of the Maryland Code, Criminal Law. (Md. Acts 2002, ch. 26, § 1.)

that common law definition:  "'Robbery' retains its judicially determined meaning *except that*:  (1) robbery includes obtaining the service of another by force or threat of force . . . ."  (Md. Code, Crim. Law, § 3-401, ital. added; *Coles v. State, supra,* 821 A.2d at p. 394.)  Had the common law definition of robbery already included the element of obtaining services of another, the word "except" would be nonsensical.  (See *People v. Loeun* (1997) 17 Cal.4th 1, 9 [in interpreting statute, "'we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law'"]; *Reno v. Baird* (1998) 18 Cal.4th 640, 658.)

Caldwell's argument rests on the observation that at least one Maryland court during the relevant period succinctly defined robbery as "larceny from the person, accompanied by violence or putting in fear."  (*Tyler v. State* (Md. App. 1968) 245 A.2d 592, 595.)  Because Maryland statutes at the time defined larceny to include theft of services, Caldwell asserts the common law definition of robbery necessarily included theft of services by force or fear.  Even assuming the truth of the premise—that robbery in Maryland was defined as larceny accomplished by force or fear—Caldwell's interpretation is not only belied by Maryland's Supreme Court's pronouncements in *Coles v. State, supra*, 821 A.2d at page 394 and the language of Maryland's current robbery statute, as we have explained, but also by the history and language of Maryland's larceny laws.  Under both Maryland common law and Maryland statute, theft of services is a separate offense not encompassed by the crime of larceny.

Prior to the adoption in Maryland of a general theft statute in 1978 (effective July 1, 1979), larceny, like robbery, was defined in Maryland by the common law.  The Maryland Supreme Court identified the elements of larceny as "the fraudulent taking and carrying away of a thing without claim of right with *the intention of converting it to a use other than that of the owner without his consent*."  (*State v. Gover* (Md. 1973) 298 A.2d 378, 381; accord, *Brown v. State* (Md. 1964) 204 A.2d 532, 536.)  Thus, contrary to Caldwell's contention, at the time Caldwell was convicted in 1977 larceny was limited to the theft of a tangible item and did not include theft of services in its definition.

7

Effective July 1, 1979, Maryland combined and codified the crime of larceny with other theft offenses accomplished without force or threat of force in a single statute prohibiting several enumerated theft crimes. (See former Md. Code, Art. 27, § 342; *Jones v. State* (Md. 1985) 493 A.2d 1062, 1063-1064.)[6] The inclusion of larceny among other theft crimes did not redefine larceny to broadly encompass theft of services; the statute merely combined larceny and other offenses, such as "obtaining services by deception" to a list of general theft offenses. (See *Jones,* at pp. 1063-1064 ["The General Assembly of Maryland, effective July 1, 1979, consolidated a number of theft-related offenses (not involving force or coercion) into a single newly created statutory offense known as theft" which includes "obtaining services by deception"].) Thus, even under the general definition of robbery posited by Caldwell—larceny accompanied by force or fear—Caldwell's prior Maryland convictions constituted serious felonies under California law.

   c.  *The trial court's consideration of Caldwell's statements concerning his prior convictions, although error, was harmless*

Improperly focused on Maryland's current robbery statute rather than the common law definition of robbery at the time Caldwell was convicted of the Maryland offenses, the trial court agreed with Caldwell that Maryland's definition of robbery was more expansive than California's but nonetheless found both prior offenses qualified as serious felonies. In reaching this conclusion, the court relied on statements Caldwell had made to an investigator in the instant matter in which he revealed both prior Maryland offenses involved the unlawful taking of property, not services. Caldwell contends the court erred in considering this evidence because it was not part of his record of conviction in either offense. (See *People v. Trujillo* (2006) 40 Cal.4th 165, 178 [defendant's post-plea statements to probation officer concerning prior offense are not part of record of conviction in prior case and could not be used to determine whether prior felony was

---

[6]     Former Article 27, section 342 of the Maryland Code was repealed in 2002 and recodified as Maryland Code, Criminal Law, section 7-104 (general theft offenses). (See Md. Acts 2002, ch. 26, § 2.)

serious or violent]; *People v. Thoma* (2007) 150 Cal.App.4th 1096, 1098 [same].) In light of our holding the elements of robbery under the relevant Maryland law did not include theft of services by force or fear and thus did not differ from applicable California law, the court's consideration of Caldwell's post-conviction statements, while error, was plainly harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836 [improper consideration of evidence harmless when not reasonably probable defendant would have obtained a more favorable result absent the error].)

In sum, Caldwell's prior convictions in Maryland qualify as serious felonies within both the meaning of the three strikes law and section 667, subdivision (a)(1). The trial court did not err in sentencing Caldwell under both statutory schemes.

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.


We concur:


WOODS, J.


ZELON, J.


9